In re BAIRD.

(District Court, E. D. Pennsylvania. April 18, 1907.)

No. 852.

1. **COURTS—FEDERAL COURTS—FOLLOWING DECISIONS IN OTHER CIRCUITS.**
   Save in exceptional cases, a Circuit or District Court will defer to the authority of a decision of a Circuit Court of Appeals of another circuit, where it is not in conflict with any decision of its own appellate tribunal.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 327.]

2. **BANKRUPTCY—TIME FOR PROVING CLAIMS—LIQUIDATION BY LITIGATION.**
   A creditor, who at the time of the bankruptcy of his debtor has an attachment suit pending, through which, if successful, he will realize his debt, is not required to prove his claim in bankruptcy until the termination of such suit, when, if defeated, he may prove the same, although more than a year has elapsed since the adjudication, as a claim liquidated by litigation, within the meaning of Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

In Bankruptcy. On reargument of certificate from referee concerning claim of Virginia Iron, Coal & Coke Company.

Henry Wolf Biklé, of Brown, Biklé & Jenks, for petitioner.
Samuel W. Cooper, for trustee.

J. B. McPHERSON, District Judge. The decision of the referee, in which the facts are set forth, was filed on June 23, 1906, and the District Court affirmed his order on February 6, 1907. At the date of affirmance, the opinion of the Court of Appeals for the First Circuit, in the case of Powell v. Leavitt, while it had been announced on January 24, 1907, had not yet been published; the report of the case appearing for the first time on March 21, 1907. 150 Fed. 89. Of course, therefore, neither the referee nor the District Court had the opportunity to profit by the reasoning, or the decision, of the Court of Appeals. Upon the publication of Powell v. Leavitt, the Virginia Iron, Coal & Coke Company asked for, and was granted, leave to reargue the question presented by the report of the referee. Upon the second argument, nothing new was presented, except the opinion of the Court of Appeals; but, in accordance with the practice in this district, nothing more was needed. Save in exceptional cases, we defer to the authority of the Court of Appeals of another circuit, where it is not in conflict with the decisions of our own appellate tribunal. 2 Fed. Rep. Dig. title, "Courts," cases cited in section 19, column 2830 et seq. In accordance with that practice, therefore, we follow the judgment in Powell v. Leavitt without further discussion, and, as this ruling is precisely in point, we are constrained to set aside the order of the referee, and to hold that the claim of the Virginia Company has been seasonably presented, and should be entertained and considered.

The order of affirmance entered on February 6, 1907, is accordingly rescinded, and the petition of the Virginia Company is sent back to the referee for further proceedings in accordance with this opinion.