### In re NEW YORK TUNNEL CO.

(Circuit Court of Appeals, Second Circuit. February 17, 1908.)

#### No. 214.

1. BANKRUPTCY—SUITS AGAINST BANKRUPTS—INJUNCTION.

Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], provides that a suit founded on claims on which a discharge will be a release, and which is pending against a person at the time of filing a petition against him shall be stayed until after an adjudication or the dismissal of the petition, and, if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or if within that time such person applies for a discharge, then until the question of such discharge is determined. *Held*, that such act only authorizes the restraining of suits founded on claims from which a discharge will be a release, so that the bankruptcy court has no control over a suit on a nonprovable claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 649, 651.]

2. SAME—PROVABLE CLAIMS—UNLIQUIDATED DEMANDS—TORTS.

Bankr. Act July 1, 1898, c. 541, § 63, par. "a," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], enumerates the debts which may be proved against the bankrupt's estate, including debts founded on judgments and written instruments, taxation of costs, open accounts, or express or implied contracts, and certain judgments rendered subsequent to bankruptcy. Paragraph "b" declares that unliquidated claims against the bankrupt may be liquidated pursuant to an application to the court in such a manner as it shall direct, and may thereafter be proved and allowed against the bankrupt's estate. *Held*, that paragraph "b" relates to the procedure, and provides for the liquidation of such claims enumerated in the preceding paragraph as might require such process, and that neither authorized proof of unliquidated demands against the bankrupt for wrongful death, and this notwithstanding section 17, Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026], providing that a discharge shall release the bankrupt from his provable debts except liabilities for frauds, for false pretenses or false representations, and for willful and malicious injuries to the person or property of another, as such

negative provision was not effective to make all other nonenumerated tort liabilities provable debts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 480.|

**3. SAME—PETITION FOR REVIEW—SCOPE OF REVIEW.**

Where petitioners in bankruptcy on a petition to the court of appeals to review restraining and reference orders enjoining prosecution of suits against a bankrupt in a state court for wrongful death, and referring such claims to a special master for liquidation, petitioner could not obtain a review of the district court's jurisdiction of the entire bankruptcy proceeding.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

Petition to review two bankruptcy orders of the District Court, Southern District of New York. The first order, dated October 15, 1907, enjoins Mary Hatch Riggs, administratrix, from prosecuting an action pending in a state court against the alleged bankrupt to recover damages for negligence causing the death of her intestate, and referring her claim to a special master for liquidation and determination. The second order, dated November 1, 1907, contains a similar restraining and reference order with respect to a similar claim of Genaro Tamburi, administrator. The administratrix and administrator are the present petitioners.

Don R. Almy, for Riggs' estate.

Gilbert Ray Howes, for Tamburi's estate.

B. S. Catchings, for petitioner.

Philbin, Beekman & Menken (S. S. Menken and Richard Steel, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The question in this case is whether unliquidated claims, like the petitioners' demands, founded upon torts are provable against a bankrupt estate.

Section 11a of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), provides:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

Thus the act only authorizes the restraining of suits founded upon claims "from which a discharge would be a release." But unless a claim is provable against a bankrupt estate, it is not discharged, and, consequently, is not subject to the control of the bankruptcy court.

Paragraph "a" of section 63 enumerates the debts of the bankrupt which may be proved against his estate. It includes debts founded upon (1) judgments and written instruments; (2 and 3) taxation of costs; (4) open accounts or express or implied contracts; (5) certain judg-

159 F.—44

ments rendered subsequently to bankruptcy. This paragraph manifestly does not include liabilities for torts.

Paragraph "b" provides:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

This paragraph evidently relates to procedure. It provides for the liquidation of such of the claims enumerated in the preceding paragraph, e. g., for breach of contract, as might require such process. The one paragraph particularly enumerating the debts which are provable, we see no ground for holding that the other opens the door to unliquidated demands of every nature. Moreover, any question about it seems to be settled by the decision in Dunbar v. Dunbar, 190 U. S. 350, 23 Sup. Ct. 757, 47 L. Ed. 1084:

"In section 63b provision is made for unliquidated claims against the bankrupt, which may be liquidated upon application to the court in such manner as it shall direct, and may thereafter be proved and allowed against his estate. This paragraph 'b,' however, adds nothing to the class of debts which might be proved under paragraph 'a' of the same section. Its purpose is to permit an unliquidated claim, coming within the provisions of section 63a, to be liquidated as the court should direct."

While the Supreme Court in the later case of Crawford v. Burke, 195 U. S. 187, 25 Sup. Ct. 9, 49 L. Ed. 147, stated that another construction of the paragraph was possible, we do not understand that they adopted it. It is urged, however, that a different construction should be adopted, in view of an amendment to section 17—relating to discharges—adopted in 1903. Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026]. This section as originally adopted provided as follows:

"A discharge in bankruptcy shall release the bankrupt from all of his provable debts except such as * * * (2) are judgments in actions for frauds,' or obtaining property by false pretenses, or false representations, or for wilful and malicious injuries to the property or person of another. * * * "

Judgments rendered before bankruptcy whether based upon liability for tort or contract are expressly provable under section 63a. The exception in section 17 was to prevent judgments for certain torts being discharged.

In 1903 section 17 was amended in various ways. One change was the substitution of the word "liabilities" in place of the word "judgments." And the provision as it now stands affords some basis for the claim that the exception from the operation of the discharge of particular liabilities for tort implies that such liabilities in general are not discharged. But this implication does not carry far. The amendment was to an exception in the discharge statute which states what debts shall not be discharged rather than what shall be. A negative provision that liabilities for certain torts shall not be discharged does not, of itself, make all other tort liabilities provable debts. It is apparent that Congress by the amendment intended to preclude the possibility of claims for certain torts being discharged, whether reduced to judgment or not. Having that object in view, it used language not wholly in

harmony with the other sections of the act. But we see nothing to indicate an intention to enlarge the classes of provable debts. Certainly no intention is evidenced to bring in claims for torts which were never provable under the earlier bankruptcy acts. We therefore follow the very careful opinion of the Circuit Court of Appeals for the Third Circuit in Brown v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, in holding that a claim for unliquidated damages founded upon tort is not provable in bankruptcy. The claims of the petitioners were of this nature, unaccompanied with contractual liability, and the District Court was without power to make the orders complained of. They should be set aside.

The petitioners also ask the court to declare that the District Court had no jurisdiction of the whole bankruptcy proceedings because the corporation was not of the classes subject to be adjudicated bankrupts. But the petitioners have only petitioned this court to review the two restraining and reference orders. All they urged in the District Court upon the jurisdictional question was by way of objection to the granting of these orders. They sought to escape from the bankruptcy proceedings. Upon the record as it stands, we can do no more than let them go.

The orders of the District Court are reversed, with costs.