## In re SHINN.

(District Court, D. New Jersey. March 22, 1911.)

1. BANKRUPTCY (§ 217*)—ATTACHMENT PROCEEDINGS—SALE—INJUNCTION.
    Where, after judgment in attachment in the state court, and more than four months after the issue of such attachment, the debtor filed a petition in bankruptcy, the trustee could only obtain an injunction restraining a sale of the attached property by proof that he had the legal title to the property, or that he had commenced a plenary suit to recover the same.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 178*)—ASSIGNMENT FOR CREDITORS—VALIDITY.
    Where, more than four months before bankruptcy, a debtor conveyed his property to a trustee for the benefit of his creditors, to be disposed of in such manner as the creditors should elect, such conveyance was not invalid under the denouncement of Bankruptcy Act July 1, 1898, c. 541, §§ 67e, 67f, 30 Stat. 564, 565 (U. S. Comp. St. 1901, pp. 3449, 3450), but, so far as the debtor was concerned, the conveyance was irrevocable.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 178.*]

3. BANKRUPTCY (§ 217*)—CONVEYANCE BY DEBTOR—RIGHTS OF TRUSTEE.
    Where, more than four months before bankruptcy, the debtor conveyed his property to a trustee for the benefit of creditors, the trustee by

Bankruptcy Act July 1, 1898, c. 541, §§ 70a, 70e, 30 Stat. 565, 566 (U. S. Comp. St. 1901, pp. 3451, 3452), and by virtue of his assignment, did not become vested with the legal title to the property, but since the conveyance reserved no control over, or interest in, the property for the benefit of the debtor, both he and his trustee only acquired an equitable interest, viz., the right to any surplus after the payment of debts, and hence the trustee, in the absence of a plenary suit by him to set aside the conveyance as representing nonconsenting creditors, could not restrain a sale of the property under an attachment sued out in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

In the matter of bankruptcy proceedings of Clifton C. Shinn. On rule to show cause why a sale of property seized in attachment proceedings against the bankrupt should not be enjoined. Rule discharged.

S. C. Hinkle, for petitioner.

George A. Bourgeois, for attaching creditor.

RELLSTAB, District Judge. The Petitioner, Elwin A. Mumford, is the trustee appointed in the bankruptcy proceedings instituted by Clifton C. Shinn in the District Court of the United States for the Middle District of Pennsylvania.

Shinn in 1906 was a resident and freeholder of this state. On the 23d day of June, 1906, he conveyed his property for the benefit of his creditors, to Isaac Bacharach, trustee. The deed conveying his real estate, at the close of the description, contains the following clause:

"In trust, nevertheless, to the said party of the second part to sell, convey or otherwise dispose of the same in such manner as the creditors of the said party of the first part, Clifton C. Shinn, may elect."

On the 6th day of March, 1907, Shinn having in the meantime removed to the state of Pennsylvania, an attachment issued against him out of the Atlantic county circuit court of this state, at the instance of Charles Roesch & Sons Company, under which the properties that had been so conveyed were levied upon. On the 30th day of July, 1907, final judgment in such attachment proceedings was entered in favor of said company. On the 28th day of September, 1907, Shinn filed his petition to be adjudged a bankrupt in the United States Court for the Middle District of Pennsylvania. On November 25, 1910, an order for the sale of such lands was entered in such attachment proceedings. It is this sale which the petitioner seeks to permanently enjoin.

The proceeding instituted in this court is ancillary to the bankruptcy proceedings begun in the Middle district of Pennsylvania. It does not seek to recover such property, but merely to restrain the attaching creditor from selling it under such attachment. A necessary requisite to obtain such injunction is that the petitioner should have the legal title to the attached property, or that he should have commenced a plenary suit for its recovery. The petition alleges that by and since such conveyance the title is in said Bacharach. It does

not allege, nor do the proofs show, that a suit has been instituted to recover such property.

Under the New Jersey act entitled "An act for the relief of creditors against absent or absconding debtors" (Rev. 1901, P. L. 158), the writ at the time of its issue becomes and remains a lien upon the real estate of the defendant. The petitioner insists that the conveyance was valid, citing Reed v. McIntyre, 98 U. S. 507, 25 L. Ed. 171. The attaching creditor insists that it was invalid as in fraud of creditors. It will be noted that the conveyance was made and the attachment issued more than four months before the institution of bankruptcy proceedings. They are therefore not null and void within the denouncement of the bankruptcy act. Act July 1, 1898, c. 541, §§ 67e, 67f, 30 Stat. 564, 565 (U. S. Comp. St. 1901, pp. 3449, 3450). So far as Shinn is concerned, the conveyance to Bacharach is irrevocable.

The petitioner concedes this, but contends that, inasmuch as the bankruptcy act vests the title of the bankrupt's property in the trustee as of the date when he is adjudged a bankrupt (Id. § 70a), the title to such property, by reason of such conveyance to Bacharach (it being for the benefit of all the creditors) and the operation of the bankruptcy act, is in the trustee from the time of the adjudication; but this, so far as the legal title is concerned, is an error. The conveyance being for a specific purpose, the benefit of creditors, reserving no control over or interest in the property for the benefit of the grantor, and he being dispossessed thereof, the only possible interest that could remain in or inure to him would be the surplus after the payment of debts. This at most is purely equitable; and, as the legal title passed more than four months prior to the institution of bankruptcy proceedings, only this equitable title passed to the trustee at the adjudication. Goddard v. Weaver, 10 Fed. Cas. 513, Fed. Cas. No. 5,495; Yeatman v. Savings Institution, 95 U. S. 764, 24 L. Ed. 589; Reed v. McIntyre, supra; In re Burka (D. C.) 104 Fed. 326. Of course, the trustee is not limited in the taking of the title of property to that which is transmitted through the bankrupt at the time of adjudication. By section 70e of the bankruptcy act:

"The trustee may avoid any transfer by the bankrupt of his property, which any creditor of such bankrupt might have avoided."

By this section the trustee becomes subrogated to the rights of creditors, and, as such conveyance was not binding on a nonassenting creditor, the trustee could avoid it; but such avoidance is not accomplished by asserting that the conveyance is valid and seeking to restrain a sale by an attaching creditor who insists it is invalid. To avoid such conveyance a suit plenary in character must be instituted. This the petitioner has not done; and until he has he cannot set in motion the ancillary powers of this court.

The prayer for injunction, therefore, is denied, and the petition dismissed.