## Harry Boshes, Plaintiff in Error, v. William Kamin, Defendant in Error.

### Gen. No. 23,566.

1. PLEADING, § 295*—*what is not plea puis darrein continuance.* Where defendant, after original declaration was held bad on demurrer, was discharged as a bankrupt, and amended declaration was thereafter filed, a plea of such discharge was not a plea of *puis darrein continuance* but a proper original first plea.

2. PLEADING, § 292*—*what is proper office of plea puis darrein continuance.* The proper office of a plea *puis darrein continuance* is to set up some matter of defense arising after issue joined in a case.

3. BANKRUPTCY, § 62*—*when plea of discharge is good.* A plea of discharge in bankruptcy was good, in an action to recover damages for negligent treatment by defendant as a dentist of plaintiff's teeth under a contract of employment between plaintiff and defendant for such services, since the debt was provable, plaintiff having had the right to waive the tort and bring action on the contract.

Error to the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

WILLIAM J. STAPLETON and BENJAMIN I. MORRIS, for plaintiff in error.

DARROW & SISSMAN, for defendant in error; WILLIAM L. CARLIN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

This is a writ of error to the Circuit Court of Cook county to reverse a judgment in that court entered in favor of the defendant.

In an amended declaration filed October 24, 1916, the plaintiff charged that the defendant was by profession

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a dentist; that on the 9th day of March, 1914, plaintiff retained and employed the defendant, for reward, to treat plaintiff for a certain ailment of his teeth, and that defendant so unskilfully and negligently treated the plaintiff that he, plaintiff, suffered great pain and was otherwise injured and had sustained damages, etc.

Defendant filed several pleas to the declaration, among which was one which set up that defendant had been adjudicated a bankrupt on October 29, 1915; that plaintiff's claim against the defendant was duly scheduled; that defendant was discharged as such bankrupt on April 24, 1916. A demurrer filed by plaintiff to this plea was overruled and judgment was entered by the trial court in favor of the defendant.

The question presented here is whether the court erred in overruling the demurrer to the plea. The defendant was adjudged a bankrupt in the District Court of the United States on the 29th day of August, 1915, and he received his discharge on the 24th day of April, 1916. A special plea of bankruptcy was filed, concurrently with a plea of the general issue, to the amended declaration. On this record it appears that defendant filed his plea of bankruptcy so soon as it was possible for him to do so. The plea in question is not a plea *puis darrein continuance*. The proper office of such a plea is to set up some matter of defense arising after issue joined in a case. In the case at bar it appears that the original declaration filed in the cause was held bad on demurrer and that the discharge in bankruptcy was had before the plaintiff had filed his amended declaration, which set up a good cause of action, and hence the defense relied upon was set up in the first pleas filed by defendant. In *Mount v. Scholes*, 120 Ill. 394, it was held that if matter of defense arise after plea, and before replication, or after issue joined, whether of law or fact, then it must be pleaded *puis darrein continuance*. The matter of defense set up in the bankruptcy plea did not, as said, arise after issue

joined. This defense was available to defendant at the moment that plaintiff filed his first sufficient declaration and it was presented thereto so soon as it was possible for defendant to do so.

It is urged on behalf of the plaintiff that the cause of action set up in the declaration was not provable under the Federal Bankruptcy Act, and that the District Court of the United States was without jurisdiction to discharge the defendant from liability to the plaintiff. Section 17 of the Act provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides; (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

Section 63a of the Act provides for the kinds or classes of claims which may be proved against a bankrupt's estate, and paragraph b of this section is as follows:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

The chief question which we are asked to determine is whether the claim of plaintiff was provable in the bankruptcy proceedings against the estate of defendant. It may be conceded, as urged for plaintiff, that the action is for unliquidated damages. In the decla-

ration plaintiff asserts in effect that he entered into a contract with defendant under the terms of which defendant, for reward, promised to skilfully and carefully perform certain services for the plaintiff. We think it clear that the action was one founded upon a contract between the parties, and from the facts alleged in the declaration it is apparent that plaintiff, had he seen fit to do so, could have waived the tort and brought his action on the contract.

Counsel for plaintiff rely in a measure upon *In re United Button Co.*, 15 Am. Bank. Rep. 391, in which the court said on page 403 that:

"A claim for unliquidated damages resulting from injury to the property of another, and not reduced to judgment and unaccompanied and unconnected with any contractual or quasi contractual liability, is not susceptible of liquidation under section 63b of the Bankruptcy Act of 1898."

The distinction between that case and the instant case is that here we have a case which *is* connected with a contractual liability. The declaration shows a contract of employment.

In the case of *Crawford v. Burke*, 195 U. S. 176, plaintiff brought suit in trover and it was alleged that plaintiff had employed defendants as brokers to hold and carry stock subject to plaintiff's order; that defendants had wrongfully and fraudulently sold certain stock which they held for plaintiff. After issue joined a plea *puis darrein continuance* was filed by defendants, in which plea it was alleged that defendants had received their discharge in bankruptcy; it was held that the discharge in bankruptcy under the special plea operated as a complete answer to the charges made in the declaration, and referring to paragraph b of section 63 of the Bankruptcy Act the court said:

"As to paragraph b, two constructions are possible: It may relate to all unliquidated demands or only to such as may arise upon such contracts, express or implied, as are covered by paragraph a.

"Certainly paragraph b does not embrace debts of an unliquidated character and which in their nature are not susceptible of being liquidated. *Dunbar v. Dunbar,* 190 U. S. 340, 350. Whether the effect of paragraph b is to cause an unliquidated claim which is susceptible of liquidation but is not literally embraced by paragraph a, to be provable in bankruptcy, we are not called upon to decide, as we are clear that the debt of the plaintiff was embraced within the provision of paragraph a, as one 'founded upon an open account, or upon a contract, express or implied,' and might have been proved under section 63a had plaintiff chosen to waive the tort and take his place with the other creditors of the estate."

The action here is for damages arising out of the alleged manner in which the defendant performed professional services for the plaintiff, and, while the alleged damages are unliquidated, the claim of the plaintiff arises out of a contractual relationship.

Counsel have called our attention to a class of cases where a distinction is made in tort actions between those where a party plaintiff could waive the tort and bring his action *ex contractu,* and those actions where it is not permissible to waive the tort, for the purpose of supporting their argument that torts which have resulted in the enrichment of the wrongdoer may be waived and suit maintained on the express or implied contract, etc., for as it is stated, "the measure of the enrichment is the measure of the implied contract." We are not quite certain as to just what is meant by this language. It is true that where a defendant has committed a legal wrong which results in injury to a plaintiff and the wrongful act of defendant also constitutes a breach of a contract existing between the plaintiff and defendant, the plaintiff may waive the tort and bring his action upon the express or implied contract; and while there is some authority to the contrary, we are inclined to the opinion that in such cases, where the tort has been waived and suit brought on

the contract, the measure of damages is not necessarily the extent of the amount of enrichment of the defendant by his wrongful conduct.   Indeed, we think it obvious that while in some such cases a wrongdoer may be regarded as a trustee for the benefit of the person wronged, still a plaintiff may, within well-defined limits, base his right to and the amount of his recovery upon the injury resulting to him from the wrongful conduct.   We are unable to find any good reason for the distinction sought to be made between torts resulting in enrichment of a wrongdoer defendant and those which have resulted in injury to a plaintiff irrespective of whether the wrongful acts benefit the defendant.   While there is support in authority for the contention made by counsel (1 Remington on Bankruptcy, sec. 636), we think the rule may be regarded as settled by the *Crawford v. Burke* case, *supra.*

Plaintiff bases his right to recovery upon the manner. in which the defendant performed a contract of employment.   It is alleged in the declaration that the defendant unskilfully and carelessly performed the services which he had agreed to perform for plaintiff. This clearly is a case where the plaintiff could waive the tort and bring suit on the contract, and hence the debt which plaintiff sought to recover from defendant was provable against defendant's estate in the bankruptcy proceedings in the federal court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*