## DAN POZNANOVIC v. JOE GILARDINE.[1]

March 9, 1928.

No. 26,458.

**Plaintiff's claim for injury to his automobile was barred by defendant's discharge in bankruptcy.**

1. The complaint to recover for injury to an automobile, let by plaintiff to defendant for hire, caused by defendant's reckless and wanton negligence in driving the same, and defendant's promise to repair the damage done, shows a provable debt, existing at the time defendant was adjudicated a bankrupt, and barred by his subsequent discharge.

**Admitted allegations in complaint do not bring claim within excepted liabilities.**

2. The allegations of the complaint admitted by the amended supplemental answer do not bring plaintiff's claim within the liabilities excepted from the operation of the discharge, viz. (2) § 17 of the bankruptcy act as "wilful and malicious injuries to  *  *  *  property."

Bankruptcy, 7 C. J. p. 397 n. 96; p. 402 n. 37.

Action in the district court for St. Louis county to recover damages to an automobile let for hire to defendant. The defendant

[1] Reported in 218 N. W. 244.

pleaded his discharge in bankruptcy in bar.   The court granted plaintiff's motion for judgment on the pleadings, and defendant appealed from an order, Hughes, J. denying his motion for a new trial.   Reversed.

*Giblin & Manthey,* for appellant.

*Essling & Bundlie,* for respondent.

HOLT, J.

Defendant appeals from the order denying a new trial, the court having granted plaintiff's motion for judgment upon the pleadings.

The complaint alleges that on April 25, 1925, plaintiff let his automobile for hire to defendant to take a trip with his family and friends; that while so using it defendant, in attempting to pass another car on the road, drove at an excessive and unlawful speed of 45 miles an hour, and in a careless, reckless, wanton and negligent manner steered the automobile into the ditch, completely demolishing the same; and that such destruction of plaintiff's car was caused solely by defendant's wanton recklessness and negligence.   It also alleged that prior to such acts of defendant the automobile was worth $1,200 and immediately thereafter $200; that defendant agreed to repair the car and replace it in as good condition as it was just prior to the accident, but has wholly failed to do so, to plaintiff's damage in the sum of $1,000.   Summons was served on September 18, 1925.   The answer interposed denies that the damages to the car were caused by defendant's negligence.   But in April, 1926, a second amended supplemental answer was served, which admitted all the allegations of the complaint, and as a bar or defense set up that on September 21, 1925, defendant filed a petition in voluntary bankruptcy, was duly adjudged a bankrupt, and on January 30, 1926, the court entered an order duly discharging him from all liability on the claim of plaintiff, scheduled by defendant.   To that answer the reply was that plaintiff's claim was for a tort, not provable in a bankruptcy proceeding.

A pure tort claim not reduced to judgment prior to the adjudication of bankruptcy is not provable and of course is not released by the discharge.   Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64

L. ed. 247. But when in judgment at the time of adjudication, the subsequent discharge releases the judgment unless it be excepted by § 17 of the bankruptcy act. Lewis v. Roberts, 267 U. S. 467, 45 S. Ct. 357, 69 L. ed. 739, 37 A. L. R. 1440. Section 17 provides that the discharge in bankruptcy "shall release a bankrupt from all his provable debts" except those therein specified. Section 63 of the act defines provable debts. The obligation stated in the complaint and admitted by the supplemental answer could come, if at all, only under a debt "(4) founded upon * * * a contract express or implied." The question recurs: Does the complaint present a debt or claim arising on contract or one solely in tort? There is no doubt that the defendant obtained the automobile under a contract of hire or bailment. It is so alleged. That contract required that he use the car for the purpose hired and return it in the condition which ordinary care would leave it. He breached this part of the contract and became liable to plaintiff for the difference between the value of the car as it was when received and when returned. That this amount was unliquidated at the adjudication of defendant as a bankrupt is of no moment, because "b" of § 63 makes provision for liquidation.

It is quite clear that plaintiff did not treat defendant's act as a pure tort, which perhaps might have been done upon the theory that there was a conversion of the car by a wilful misuse and destruction thereof. In Wickstrom v. Swanson, 107 Minn. 482, 484, 120 N. W. 1090, a bailment of money where the complaint alleged conversion, it was held that it also stated "a cause of action ex contractu for a breach of the contract of bailment." Wellberg v. Duluth Auto Supply Co. 146 Minn. 29, 177 N. W. 924. Here the car was received back by plaintiff and retained, so there was no conversion. That recklessness and wanton negligence is alleged can have no bearing upon the question whether it is a tort action pure and simple or one for violation of the contract of bailment, for no punitive damages are claimed, simply the actual depreciation of the automobile while in defendant's care. Furthermore, the complaint alleges a settlement in that defendant agreed to repair the car so as to make it as good as it was prior to the accident; and, taking the other

allegation of depreciation into consideration, it can be assumed that it required $1,000 to carry out the agreement. This comes very near a settlement of an unliquidated claim, an express contract made before defendant filed his petition in bankruptcy. Neibles v. M. & St. L. Ry. Co. 37 Minn. 151, 33 N. W. 332.

But even conceding the suit to be in tort, it is one wherein, so far as asserting a claim in bankruptcy is concerned, the tort could be waived and a provable claim result. Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. ed. 762; Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. ed. 718. The thought gathered from the federal cases is that where the tort of the bankrupt may also be a breach of contractual obligations it gives rise to a provable claim or debt, for then the tort may be waived; or, where the tort has unduly enriched the bankrupt, for then a quasi contract is raised for the value of the enrichment. See cases cited in Stalick v. Slack (C. C. A.) 269 F. 123. Where, however, a contract can be entirely ignored and the claim based solely on tort, it is not provable; and of course suit thereon will not then be barred by a discharge in bankruptcy. In In re Standard Aero Corp. (C. C. A.) 270 F. 779, 783, where a claim for waste was held to arise out of contract, it was said in response to the contention of reliance upon rulings of courts, that a claim for unliquidated damages founded upon tort is not provable in bankruptcy.

"But some courts in so construing the Act have been cautious to make the distinction, on which we think this case turns, by the qualification that:

" 'A claim for unliquidated damages resulting from injury to the property of another, *not connected with or growing out of any contractual relation* (or as one court put it—*unaccompanied* with contractual liabilities) is not provable in bankruptcy, under the existing law.' In re New York Tunnel Co. 159 F. 688, 86 C. C. A. 556 (C. C. A. 2d), following Brown & Adams v. United Button Co. 149 F. 48, 79 C. C. A. 70, 8 L.R.A.(N.S.) 961, 9 Ann. Cas. 445 (C. C. A. 3d)."

But the provability of the claim does not necessarily determine whether it is released or barred by the discharge in bankruptcy. And plaintiff's contention here is that the complaint sets up a liability "for wilful and malicious injuries to the  *  *  *  property of another." It has been held that a conversion of property, even when received as a pledge or a bailment, is a wilful and malicious injury thereto and excepts such claim from the operation of a discharge·in bankruptcy. McIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 61 L. ed. 205; In re Arnao (D. C.) 210 F. 395; In re Keeler (D. C.) 243 F. 770; In re Northrup (D. C.) 265 F. 420; Baker v. Bryant Fertilizer Co. (C. C. A.) 271 F. 473; In re Brier (D. C.) 3 F. (2d) 709. It is true that the phrase "wilful and malicious" as used in § 17 has been held to express a conclusion of law. Tinker v. Colwell, 193 U. S. 473, 489, 24 S. Ct. 505, 48 L. ed. 754. In that case Mr. Justice Peckham makes this suggestion, applicable here:

"One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual." So the complaint in the case at bar cannot be construed to allege an intentional injury to the automobile. Nunn v. Drieborg, 235 Mich. 383, 209 N. W. 89.

The tort set out in the complaint and admitted as alleged by the second amended answer, being accompanied by the "contractual liability" of bailment, was a provable claim in bankruptcy, and is not excepted from the operation of the discharge as a liability arising from a wilful and malicious injury to the automobile within the meaning of (2) § 17 of the bankruptcy act.

The order is reversed.