## In re LEOMINSTER STEAM LAUNDRY CO.
### No. 51422.

District Court, D. Massachusetts.
April 12, 1934.

Russell W. Anderson, of Worcester, Mass., for trustee in bankruptcy.

Thomas M. A. Higgins, of Lowell, Mass., for receiver of Leominster Nat. Bank.

Walsh & Walsh, of Boston, Mass., for bankrupt.

BREWSTER, District Judge.

This matter is before the court upon referee's certificate involving the review of an order allowing as unsecured a claim for $4,600, presented by the receiver of the Leominster National Bank. Summarized, the following facts appear in the referee's findings:

Proofs of claim based upon two notes aggregating $4,600, given by the bankrupt, secured only by individual indorsements, were presented for allowance which was refused on the ground that the proofs of claim had been presented subsequent to the expiration of the six months' period allowed for the proof of claim. It appeared that the receiver held a note for $4,600, secured by a mortgage on the property of the bankrupt, which the referee finds was given in substitution for the two notes above referred to. The mortgage given to secure this note was undoubtedly preferential, and when the claim was presented upon the secured note the referee declared the mortgage invalid and allowed the claim as an unsecured debt after the six months' period. I quote from the referee's findings: "The theory under which I allowed this as an unsecured claim, although subsequent to the six months' period, was based on the mortgage being disallowed as preferential. Such a mortgage and note, although voidable under Section 60 of the Bankruptcy Act as given within four months, remains as a potential lien and claim * * * until it is affirmatively found by the Bankruptcy Court or otherwise to be preferential, and may be proved subsequent to the six months' period if it is liquidated by litigation * * *. Such a determination having been made by me I ruled that it was a liquidation by litigation under section 57n [Bankr. Act, 11 USCA § 93 (n)] and, therefore, would be allowed as an unsecured claim."

The word "liquidated," as used in the statute, is not confined to the ascertainment of the amount of the creditor's claim, but will embrace proceedings to determine the character of claim and validity of security. Powell v. Leavitt (C. C. A.) 150 F. 89, in this circuit is the leading case on this proposition. The case has been generally followed in other jurisdictions. In re Baird (D. C.) 154 F. 215; In re Standard Tel. & Elec. Co. (D. C.) 186 F. 586; Larson v. First State Bank (C. C. A.) 21 F.(2d) 936.

It is not necessary that the proceedings be instituted within the six months' period. Carroll Electric Co. v. Snelling (C. C. A.) 62 F.(2d) 413.

The question here, upon which the case at bar would seem to be a borderline case, is whether the proceedings before the referee can be dignified by regarding them as "lit-

igation" within the meaning of the statute. I am not persuaded that the referee's order is wrong because there was no proceeding instituted by the trustee to set aside the mortgage which, until adjudged a voidable preference, was good. The creditor came into court with a secured claim. It became the duty of the referee to determine the validity of the security and, as the referee suggests, it required an adjudication by some tribunal of competent jurisdiction to invalidate the mortgage. I do not think the fact that the creditor did not seriously contend for the validity of the mortgage would be fatal to his rights to have the claim allowed as a claim liquidated by litigation.

The order of the referee allowing the claim is affirmed.