JACK MATUSOW and Another, Plaintiffs, *v.* CAMP ORINSEKWA, Defendant.

City Court of New York, Bronx County, May 14, 1935.

*Aaron Greengold,* for the plaintiffs.

*William Butler* [*Andrew E. Delaney* of counsel], for the defendant.

SCHACKNO, J. Plaintiffs brought this action against the defendant for damages occasioned to the plaintiff Jack Matusow suffering injuries while a guest at the camp of the defendant.

The complaint alleged that the defendant *warranted* that it would employ sufficient counselors and other help to properly care for and keep secure and safe the children sent to the camp of the defendant and that it failed to provide a sufficient number of and proper and suitable persons to care for such children, and disregarded its duties and obligations to keep the grounds in a safe and proper condition for them, in that it permitted ditches and holes to exist on the grounds which were dangerous to children of tender years, and failed to provide for them a safe and secure camp. The complaint further alleged that the defendant disregarded its obligations to children who were its guests and were playing upon the grounds and failed to take due care of plaintiff Jack Matusow and negligently allowed him to go about the grounds of the camp upon which there were ditches and holes, into one of which he fell.

During the trial the defendant moved that the plaintiffs elect whether they were proceeding in negligence or nuisance. The court ruled that the action was on contract. (*Lord Electric Co.* v. *Barber Asphalt Paving Co.*, 226 N. Y. 427, 432; *Busch* v. *Interborough R. T. Co.*, 187 id. 388; *Marcy* v. *City of Syracuse*, 199 App. Div. 246, 253.) The ruling was accepted by the parties. " Where a cause of action or defense, not embraced within the scope of the pleadings, has been established by consent or without objection at the trial, the point that the pleading was not sufficient to permit the trial of such an issue cannot be made for the first time on appeal." (*Roberge* v. *Winne*, 144 N. Y. 709, 712.) To the same effect, see *Brady* v. *Nally* (151 id. 258, 260); *Tarbell* v. *Royal Exchange Shipping Co.* (110 id. 170, 181); and this is especially true where substantial justice has been done by the verdict of the jury (Civ. Prac. Act, § 106).

After reading to the jury the material parts of the complaint, the court charged: " In this particular case, as I have indicated to you, the action is for breach of contract and the breach claimed is that the defendants did not take the care that they should have taken and which they agreed to take of Jack Matusow. That is nothing more or less, putting it into different words, than a claim of negligence against this defendant." Plaintiffs excepted to that portion of the charge in which the court stated to the jury " that it was being submitted to the jury as an action for breach of contract and thereafter charged that they must find the defendant was negligent."

Upon the trial evidence was received tending to show negligence in the operation of its camp, but such acts do not change the character or substance of the cause of action instituted by the plaintiffs. Negligence, considered merely as a tort, is a wrong independent of contract, but negligence may also be a breach of contract if the contract itself calls for care. (*Roche* v. *St. John's Riverside Hospital,* 96 Misc. 289, 292; affd., 176 App. Div. 885; *Ward* v. *St. Vincent's Hospital,* 39 id. 624, 626.)

The fact that Jack Matusow was injured by the alleged negligence of the defendant drew into the case the question of negligence, which in turn brought in the relationship of the parties to each other and the failure of due care. All the facts and circumstances bearing on that question were presented to the jury and were within the issues; if plaintiffs were entitled to succeed, they would have been entitled to the same damages as though the action had been for negligence. (*Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388; *Ward* v. *St. Vincent's Hospital,* 39 App. Div. 624.) The question of negligence of the defendant and the care used by the plaintiff necessarily had to be considered by the jury; the fact that Jack Matusow suffered a broken arm is not evidence that defendant breached its obligation to use care; plaintiffs had to prove in what manner defendant breached its obligation; the verdict of the jury must be treated as a finding of fact that the defendant did not do so. In my opinion the charge was correct. Motion for a new trial is denied.