## In re GELLMAN.
### No. 23464.

District Court, W. D. New York.
Feb. 20, 1936.

Julius Jos. Goldstein, of Buffalo, N. Y., for bankrupt.

Harold Brock, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

On December 11, 1934, Bertha Johnson and John Johnson, her husband, brought actions against Frank M. Gellman to recover on account of negligence in the operation of an automobile. On May 28, 1935, Gellman was adjudicated a bankrupt. The actions in negligence were then pending. The trial was had, and on February 5, 1936, judgments were rendered in favor of Bertha Johnson in the sum of $3,321.50, John Johnson in the sum of $791.50, and Bertha Johnson and John Johnson in the sum of $68.75. After the entry of these judgments and on February 11, 1936, on the application of the bankrupt, an order to show cause was issued by this court directed to the aforesaid judgment creditors to show cause before this court why the bankrupt should not be authorized to amend the schedules filed in this proceeding to include such judgment holders as creditors. These judgment holders were not listed in any manner in the schedules filed, nor were any claims filed in the proceedings. The unliquidated claims arising out of the alleged negligence of the debtor were not provable debts in bankruptcy until reduced to judgment. Bankruptcy Act, § 63a(6½), as amended (11 U.S.C.A. § 103(a)(6½). When reduced to judgment they were sub-

ject to section 57n of the Bankruptcy Act, as amended by Act May 27, 1926, § 13 (11 U.S.C. § 93(n), 11 U.S.C.A. § 93(n), which reads: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

The courts are not in accord as to the interpretation of section 57n. In some instances it has been construed as reading "if the final judgment therein is rendered within thirty days before the expiration of such time, or at any time thereafter." Most of these cases apply to situations wherein a secured creditor, after having elected to stand on his security, has been stripped of such security by action instituted by the trustee and terminating after the expiration of the time within which claims may be filed. Page v. Rogers, 211 U. S. 575, 29 S.Ct. 159, 53 L.Ed. 332; Keppel v. Tiffin Savings Bank, 197 U.S. 356, 25 S. Ct. 443, 49 L.Ed. 790; In re Perfect Shoe Mfg. Co., Inc. (C.C.A.) 64 F.(2d) 119;. In re Clark (D.C.) 176 F. 955; Powell v. Leavitt (In re Noel) (C.C.A.) 150 F. 89; In re Leominster Steam Laundry Co. (D.C.) 7 F.Supp. 849. The rule in those cases is not applicable here and language therein indicating that in all litigated cases proof may be filed at any time that liquidation is accomplished does not appeal to this court.

Leave to file proof has been denied in instances where, after the expiration of the prescribed period, the creditor seeks to file after realizing on his security, In re Thompson (C.C.A.) 227 F. 981; or offers to return his security, In re Silk (C. C.A.) 55 F.(2d) 917; or himself commences litigation with the estate, In re Sampter (C.C.A.) 170 F. 938; In re Havens (D.C.) 182 F. 367 (by counterclaim). In Carroll Electric Co. v. Snelling (C.C.A.) 62 F.(2d) 413, a creditor was allowed to prove a claim arising from a judgment upon a counterclaim interposed in an action instituted by the trustee, but the Circuit Court of Appeals for the Second Circuit in Re F. & W. Grand Properties Corporation, 74 F.(2d) 224, indicated disagreement with this determination, preferring the ruling in Re Havens, supra, in which, under similar circumstances, the creditor was denied leave to prove his

claim. The Circuit Court of Appeals also declined to follow In re Gutchess (D.C.) 31 F.(2d) 609, where although the creditor held security the litigation was not commenced until more than six months after the date of adjudication and such litigation was not directly against the estate. Where litigation is relied upon to extend the time for filing claims, the estate must be a party to such litigation. In re Averbach (D.C.) 50 F.(2d) 943; In re Auerbach (D.C.) 53 F.(2d) 482.

 Section 57n "is in the nature of a statute of limitation." In re R. B. Rose Co. (D.C.) 43 F.(2d) 446, 447. The position that the "period of limitation is not applicable to unliquidated claims" is "directly contrary to the purpose of section 57(n) * * * and to the theory of prompt administration implicit throughout the act." In re F. & W. Grand Properties Corporation, supra. In the case last quoted the court indicates that, provided holders of unliquidated claims do something within the six months' period to apprise the trustee in bankruptcy of the substance of their claims, they may subsequently amend their claims and have them allowed after the six months' period has expired. Even under this interpretation of the law the creditor here would be unable to qualify, for no proof has been offered of any entry in the record or of any instrument presented within the period which would establish the relation of debtor and creditor and might be considered a proof of claim amendable after the expiration of six months. In re Rothbell (D.C.) 6 F. Supp. 244; Scottsville National Bank v. Gilmer (C.C.A.) 37 F.(2d) 227. The rule must work both ways, and, if the creditor may not of his own volition become a party to the proceedings, there is no reason for allowing the bankrupt to bring him in.

Under this ruling the court finds it unnecessary to decide that the litigation must be terminated within thirty days after the expiration of six months from the date of adjudication in order that a claim based thereon may be proved. It is sufficient to find, in the instant case, that the litigation was not terminated within such time nor was any claim filed during the period of six months following the date of adjudication which might have been subject to amendment after that time.

 Bankrupt seeks also to amend his schedules to include certain other creditors, not scheduled through neglect. It is clear that these creditors could not file proofs of claim. Were the amendment of the schedules allowed, the debts of these additional creditors would not be affected by a discharge, because excepted from the operation thereof by section 17a (third) of the Bankruptcy Act (11 U.S.C.A. § 35 (third), unless the creditors had notice or actual knowledge of the proceedings. Whether or not these creditors had such notice or knowledge is not now before the court. If they had such notice or knowledge their claims will be discharged even though not scheduled.

The motion is denied.