HELEN DIXON and RUSSELL DIXON, Her Husband, Plaintiffs, *v.* ED. KANTOR and Another, Defendants.

City Court of New York, New York County, March 8, 1937.

*Albert Goldner*, for the plaintiffs.

*Jacob Fruchtman*, for the defendant Kantor.

MADIGAN, J. Is the defense which sets up discharge in bankruptcy valid in this case?

The trial was without a jury. Decision was reserved.

There are two plaintiffs, Helen Dixon, who was injured, and her husband, Russell Dixon, who seeks to recover consequential damages. Two defendants are named but only defendant Kantor was served with process. He will be referred to as " defendant." He was the employer of Gross, whose name also appears in the title. Kantor operated a " beauty parlor." For a fee he undertook to adorn plaintiff Helen Dixon with a " wave " or " ringlets." In the course of the work he injured her.

Two causes of action are set forth in the complaint, one for Helen Dixon, the other for Russell Dixon. In each count there are allegations to the effect that plaintiff wife was injured as the result of negligent work as well as allegations to the effect that she was injured as the result of breach of contract. The cause of action of each plaintiff is so expressed as to support the claim whether it be regarded as based on negligence or on breach of contract. Both " negligence " and " breach of warranty " are expressly alleged. At the trial no reference was made to the theory on which plaintiffs had declared.

While this action was pending defendant filed a petition in bankruptcy and obtained a discharge. By amendment to the answer the discharge has been set up as a defense against each plaintiff. The claim of each of them was duly scheduled.

The National Bankruptcy Act provides that debts of the bankrupt " founded upon an open account, or upon a contract express or implied " may be proved. (Bankruptcy Act, § 63, subd. [a], cl. [4], U. S. Code, tit. 11, § 103, subd. [a], cl. [4].) Section 17 and section 63 of that act (U. S. Code, tit. 11, §§ 35, 103) are to be read together.

By his agreement with Helen Dixon defendant obligated himself to use due care. She could, therefore, sue for breach of contract. (*Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388; *Frank* v. *Maliniak*, 232 App. Div. 278; *Matusow* v. *Camp Orinsekwa*, 155 Misc. 452.) Accordingly, the defense setting up the discharge in bankruptcy is good against Helen Dixon. Her claim would be discharged even if she had waived the breach of contract and sued solely in tort. (*Poznanovic* v. *Gilardine*, 174 Minn. 89, 92; 218 N. W. 244. See also, *Crawford* v. *Burke*, 195 U. S. 176, at p. 187; 25 S. Ct. 9; 49 L. Ed. 147; 12 A. B. R. 659, and *Schall* v. *Camors*, 251 U. S. 239; at p. 250; 40 S. Ct. 135, 136; 64 L. Ed. 247; 44 A. B. R. 547.) Reference might also be made to *Boshes* v. *Kamin* (209 Ill. App. 508).

The discussion in *Poznanovic* v. *Gilardine* (*supra*) indicates what seems to be the accepted construction of the statute [National

Bankruptcy Act, § 63 (a), cl. (4)], as well as the proper application of the statute against plaintiff Helen Dixon.

It is true that her claim could not have been liquidated in the bankruptcy court more readily than a similar claim based upon " mere " tort or " pure " tort. But clause (4) of section 63 (a) of the National Bankruptcy Act does not bear out the suggestion that ease of liquidation was a controlling consideration when Congress stated what claims should be provable in bankruptcy.

As to the cause of action of Helen Dixon, tort could be said to be so evidently the gist of the matter that the contractual aspect should be disregarded. Congress might have provided that where the gravamen is tort the claim should not be provable. But it established a more certain basis of classification and administration by making provable all claims of contractual character, even those having a dual nature.

A very odd result follows here from the accepted construction of section 63 (a), clause (4). Plaintiff Russell Dixon, the husband of the injured person, did not have a choice between an action sounding in tort and an action sounding in contract. (*Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 309.) He had no contract with defendant. The evidence shows that defendant was hired by Helen Dixon. There is no suggestion that she was acting as agent of Russell Dixon in hiring defendant. The claim made by Russell Dixon is based on " mere " tort or " pure " tort. The claims of these plaintiffs are independent. (*Philippi* v. *Wolff*, 14 Abb. Pr. [N. S.] 196; *Haverhill* v. *International R. Co.*, 217 App. Div. 521, 525, and cases cited.) The respective rights of husband and wife have been affected by a tort but under the National Bankruptcy Act the discharge in bankruptcy is a defense against the wife's claim because her claim can be classified as sounding in contract. The husband may have a judgment despite the discharge in bankruptcy. His injured wife may not.

Clause (6½) of subdivision (a) of section 63 of the National Bankruptcy Act (as added in 1934, U. S. Code, tit. 11, § 103, subd. [a], cl. [6½]; 48 U. S. Stat. at Large, 923) is presently of no benefit to defendant. (*Matter of Gellman*, [D. C. N. Y.], 13 F. Supp. 643; 30 A. B. R. [N. S.] 569.)

The decision is that plaintiff Helen Dixon was injured as the result of negligent work by defendant; that $300 would be fair compensation to her for her injury, pain and suffering; that the defense of discharge in bankruptcy is good to her claim; that plaintiff Russell Dixon suffered damage in the sum of sixty dollars as the result of such negligence of defendant; that there was no negligence on plaintiffs' side which contributed to the happening of the accident

and that the defense of discharge in bankruptcy is not good as against Russell Dixon. Defendant's motions are denied but on the whole case judgment is rendered (1) in favor of defendant against Helen Dixon and (2) against defendant in favor of Russell Dixon for the sum of sixty dollars.