FLORENCE JONES v. E. S. FIESEL.[1]

January 27, 1939.

No. 31,693.

[1]Reported in 283 N. W. 535.

*Harold E. Ruttenberg,* for appellant.

*George G. Chapin,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover damages for personal injuries resulting from defendant's negligence in causing a collision on June 5, 1932, between his automobile and that of one A. E. Cole, in which she was riding as a passenger. By supplemental answer defendant set up as a separate defense that after the action was commenced he was duly adjudged a bankrupt on June 24, 1936, under the acts of congress relating to bankruptcy; that plaintiff's claim for damages was duly scheduled in the bankruptcy proceeding as a provable debt; that plaintiff was given due notice; and that on March 22, 1937, defendant was discharged from all his provable debts which existed at the date of filing the petition. Plaintiff's demurrer to the defense was sustained. Defendant appeals from the order sustaining the demurrer. Plaintiff's claim was discharged under § 17 of the national bankruptcy act (11 USCA, § 35) if it was a provable debt. The only question is whether the claim was provable as a debt. Defendant's contention is that it was provable as a debt under either subsection 6½ of § 63a or § 63b, 11 USCA, § 103.

■ Subsection 6½ was adopted as an amendment of § 63a of the bankruptcy act during the pendency of this action on June 7, 1934. It provides that any damages "as evidenced by a judgment of a court of competent jurisdiction" in any action for negligence instituted prior to adjudication and pending at the time of filing the petition shall be provable as a debt. All the conditions of the statute existed with respect to the provability of plaintiff's claim except that it was not evidenced by a judgment. The condition that a claim shall be evidenced by a judgment requires a claim to be reduced to judgment to be provable as a debt. In re Gellman

(D. C.) 13 F. Supp. 643; Dixon v. Kantor, 165 Misc. 315, 299 N. Y. S. 507, 34 Am. B. R. (N. S.) 252.

The view that the claim must be evidenced by a judgment to be provable as a debt is confirmed by aids in construction. Prior to the enactment of subsection 6½ the question was governed by § 63 of the original act of 1898, 30 St. 562, under which unliquidated claims in pure tort were not provable. Poznanovic v. Gilardine, 174 Minn. 89, 218 N. W. 244, 57 A. L. R. 148; Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. ed. 247. A claim in pure tort reduced to judgment before the filing of the petition was provable not as a tort claim but as a fixed liability "evidenced by a judgment" absolutely owing at the time of the filing of the petition under subsection 1 of § 63a, Lewis v. Roberts, 267 U. S. 467, 45 S. Ct. 357, 69 L. ed. 739, 37 A. L. R. 1440, but was not provable if it was not reduced to judgment until after the filing of the petition. Poznanovic v. Gilardine, *supra;* In re Ostrom (D. C.) 185 F. 988; In re Kroeger Bros. Co. (D. C.) 262 F. 463; Note, 37 A. L. R. 1442. The claim for damages asserted by plaintiff here is one in pure tort. In re Ostrom; In re Kroeger Bros. Co. *supra;* Eberlein v. Fidelity & Deposit Co. 164 Wis. 242, 159 N. W. 553. Subsection 6½ changed the rule in force at the time of its enactment so as to permit a claim for damages resulting from negligence in suit at the time the petition was filed to be reduced to judgment after such time and then proved as a debt. A statement by the committee on conference of the House and Senate of Congress when the bill was under consideration that it "makes judgments for negligence provable claims in bankruptcy," 78 Cong. Rec. 9549, indicates that the purpose was to permit only judgments, not unliquidated claims not reduced to judgment, to be proved as debts.

It is reasonable to infer that Congress used the expression "as evidenced by a judgment" in subsection 6½ in the same sense in which it was used in the earlier statute, subsection 1, under the familiar rule that words and phrases which have acquired an established meaning by judicial construction are deemed to be used in the same sense in a subsequent statute relating to the same subject matter. After the courts have once said that the legislature meant

a certain thing by certain language, the legislature will be deemed to have intended the same meaning by again using the same language. Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; Heald v. District of Columbia, 254 U. S. 20, 23, 41 S. Ct. 42, 65 L. ed. 106. This rule of construction applies to bankruptcy acts. Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. ed. 772, 16 Ann. Cas. 1008; Sexton v. Dreyfus, 219 U. S. 339, 31 S. Ct. 256, 55 L. ed. 244. When subsection $6\frac{1}{2}$ was enacted, the expression "as evidenced by a judgment" had a well established meaning in § 63a(1) of the bankruptcy act of 1898, which provides that a fixed liability, "as evidenced by a judgment or an instrument in writing" absolutely owing at the time of the filing of the petition, may be proved and allowed as a debt. 11 USCA, § 103(a)(1). Fixed liabilities under this section are provable as debts only if evidenced by either a judgment or an instrument in writing. In this connection the phrase "as evidenced by a judgment" is a requirement conditioning provability. In re Ostrom; In re Kroeger Bros. Co. *supra;* In re Benevolent and P. O. of Elks (D. C.) 9 F. Supp. 883; Royal Baking Powder Co. v. Hessey (4 Cir.) 76 F. (2d) 645. In In re Ostrom, *supra,* decided in 1911, the court said [185 F. 990]: "Even if it can be said, * * * that a verdict created a fixed liability, yet it is not a fixed liability evidenced by a judgment or instrument in writing, conditions which must by the present act, be complied with before even a fixed liability can become a provable debt." Not only does the phrase "as evidenced by a judgment" in subsection $6\frac{1}{2}$ appear to have been taken from subsection 1, but also its meaning, established by prior judicial construction, that it conditions provability by requiring a claim to be reduced to judgment before it can be proved as a debt.

Defendant urges that we should construe subsection $6\frac{1}{2}$ to conform to subsection 7 of § 63a, which became effective June 22, 1938 (52 St. 873, c. 575, § 1, the Chandler Act), and which provides: "(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy." The argument invites us to dispense with the statutory requirement that the claim be evidenced by a judgment. This we cannot do. Subsection 7 supersedes subsection $6\frac{1}{2}$.

It was adopted in order to make a claim like the instant one provable as a debt without a judgment. Legislative action was necessary to accomplish that which defendant urges us to do by judicial construction.

█ Section 63b provides: "Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." This section simply provides a procedure for liquidating, under the direction of the bankruptcy court, unliquidated claims provable under § 63a, of which subsection 6½ was a part. Claims not provable under § 63a may not be liquidated under § 63b and then allowed. In Schall v. Camors, *supra,* the rule was laid down that a claim in pure tort, not being provable as a debt under § 63a, cannot be liquidated and allowed under § 63b. See 6 Am. Jur., Bankruptcy, § 124; note, 106 A. L. R. 1121. Since plaintiff's claim was not a provable debt under § 63a(6½), it could not be liquidated under § 63b.

Affirmed.

