In re CLARK et al.

(District Court, N. D. New York. February 25, 1910.)

1. JUDGMENT (§ 72*)—STIPULATION—SCOPE.

Where a judgment is entered on a stipulation, it cannot be broader than the stipulation itself.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 72.*]

2. JUDGMENT (§ 91*)—SCOPE—STIPULATION.

Where, in a suit to set aside a mortgage for fraud, the parties stipulated that, the court having directed findings and judgment for plaintiff, and the parties having agreed on a settlement, formal judgment should be entered, adjudging the mortgage void, and that defendants were estopped in equity from asserting as against plaintiff the mortgage mentioned in their answer, and that plaintiff was entitled to the surplus moneys in the hands of the county treasurer; the property having been sold under a prior mortgage. *Held,* that a judgment entered on such stipulation adjudicated only that the mortgage was void, and that the mortgagees were estopped in equity to assert the same and to claim the surplus moneys as against plaintiff, and did not determine that the mortgagees' claim, or any part of it, which the mortgage was given to secure, was invalid.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 91.*]

3. BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME.

Mortgagors were adjudged bankrupts September 21, 1907. On October 28, 1908, the trustee sued to set aside the mortgage as in fraud of creditors, resulting in a judgment for plaintiff entered October 7, 1909, on a decision on a stipulation dated September 27, 1909. On October 2, 1909, the mortgagees filed their claim as a debt against the bankrupt's estate, which was amended on December 15th. *Held,* that the proof of claim should be deemed to have been filed October 2, 1909, though perfected at a later date, and, having been filed within 60 days after the stipulation was made and the right to enter judgment perfected, it was in time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

4. BANKRUPTCY (§ 311*)—PREFERENTIAL MORTGAGE—VACATION OF PREFERENCE—FILING CLAIMS.

If a preferential mortgage is annulled in bankruptcy proceedings, the creditor preferred may thereafter prove his claim to secure which the mortgage was given, and have it allowed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*]

5. BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME—LIQUIDATION.

Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3444), provides that claims shall not be proved against a bankrupt's estate subsequent to one year after adjudication, or, if they are liquidated by litigation, and the final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days

---

after rendition of such judgment. *Held* that, the holder of a mortgage against a bankrupt being entitled to rely on his security independent of the bankruptcy proceedings until such security is attacked, the fact that the bankrupt's trustee waited until more than a year after the adjudication before suing to set aside the mortgage did not preclude the mortgagee from filing a claim against the bankrupt's estate on the debt secured within 60 days after the right to enter judgment vacating the mortgage was perfected, as such section does not impose any time limitation where claims are liquidated by litigation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*]

6. BANKRUPTCY (§ 311*)—CLAIMS—PREFERENCES.

Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3444), providing that the claims of creditors who have received preferences voidable under section 60b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section 67e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances, does not refer to preferences alone, but to conveyances, transfers, assignments, and incumbrances, and to claims of creditors to whom void preferences and voidable conveyances and transfers have been given, which are not to be allowed unless the preferences, conveyances, and transfers are surrendered.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 311.*]

In the matter of the bankruptcy of Orlando S. Clark and Herbert R. Clark, as individuals and as copartners doing business under the name of the "H. R. Clark Plaster Works." On petition for review of an order made by John M. Brainard, Referee in Bankruptcy, disallowing and expunging the claim of Frank S. Smith and Alice J. C. Smith for $4,662.40. Order reversed.

Turner & Kerr, for trustee.
Irving Bacon, for claimants.

RAY, District Judge. July 10, 1907, an involuntary petition in bankruptcy was filed against Orlando S. Clark and Herbert R. Clark, individually and as copartners under the firm name of the "H. R. Clark Plaster Works." September 3, 1907, an amended petition was filed, and September 21, 1907, an adjudication was duly made pursuant to the prayer of the petition, and the matter was referred to John M. Brainard, referee.

November 26, 1906, Orlando S. Clark executed and delivered to Frank S. Smith and Alice J. C. Smith a bond in the sum of $4,662.40, condition to pay said sum with interest as follows: The sum of $200 of said principal and interest on the sum owing every year for five years when the whole of said principal and interest shall be due and payable. This bond recited that:

"Said sum above specified being the amount due and owing said parties of the second part by the party of the first part to this date on account of loans of money made to him at different times for which he has given his certain promissory notes."

On the same day, and to secure the payment of the said bond or the sum of money therein agreed to be paid, the said Orlando S. Clark and S. Augusta Clark, his wife, executed, acknowledged, and deliv-

ered to said Frank S. Smith and Alice J. C. Smith, who was the wife of said Frank S. Smith, a mortgage upon their real estate therein described, conditions to pay the sum of money mentioned in said bond as therein and thereby agreed to be paid. This mortgage was recorded in the office of the clerk of the county of Cayuga, N. Y., on the 4th day of May, 1907, and not before; that is, about two months prior to the filing of the petition in bankruptcy.

On or about the 6th day of June, 1908, Nelson L. Drummond duly qualified as trustee of the estates of the bankrupts by executing and filing his bond as such which was approved June 8, 1908. Thereafter, on the 28th day of October, 1908, the said trustee, Nelson L. Drummond, commenced an action in the Supreme Court of the state of New York against said Frank S. Smith, Alice J. C. Smith, Orlando S. Clark, and S. Augusta Clark for a judgment adjudging said mortgage to be fraudulent, null, and void as against the creditors of said Orlando S. Clark and said copartnership and as to the plaintiff, the said trustee, and canceling and setting same aside.

The complaint in that action alleged that the mortgage and bond were given with the fraudulent intent, purpose, and design of both and all of the parties thereto to hinder, delay, and defraud the creditors of the said Orlando S. Clark and of the said copartnership in the collection of their just dues and claims out of the property of the said Orlando S. Clark, and that there was no just or full consideration for said mortgage and bond, and that the consideration therefor expressed therein was and is largely fictitious, and that the true consideration was less than one-half of the amount expressed in the mortgage and bond, and that a note for $3,000, given to make up the amount, was without any consideration whatever. The complaint also alleged that the mortgage was executed and delivered and received by the mortgagees when the mortgagor was insolvent to the knowledge of the mortgagees, and that same was received by them with such knowledge, and that same constituted a voidable preference under the bankruptcy law, and was executed, delivered, and received with knowledge of the insolvency of the mortgagor, etc.

The action in the Supreme Court of the state of New York was duly tried before the Honorable A. E. Sutherland, Justice of the Supreme Court, on issues framed by the answer of the defendants Smith, and resulted in a judgment in favor of the plaintiff, Nelson L. Drummond, as trustee, against the defendants, entered in Cayuga county clerk's office, October 7, 1909, adjudging that the said mortgage be "and the same hereby is adjudged void as against plaintiff, and as to him the same is set aside; and it is further adjudged that the defendants Smith be, and they hereby are, estopped from claiming or receiving any portion of said surplus moneys derived from said premises on account of the mortgage set up in their answer or otherwise, and that the plaintiff as trustee in bankruptcy is entitled to the whole of said surplus moneys; and further adjudged that the county treasurer be, and he hereby is, directed to pay over to the plaintiff all of said surplus moneys upon the presentation to him of a certified copy of this judgment less his legal fees."

This judgment was entered on a stipulation made by the attorneys for the respective parties, and which stipulation, so far as material, reads as follows:

"And the court having handed down a decision directing findings and judgment in favor of plaintiff for the whole of said surplus moneys without any deduction therefrom in favor of said defendants Smith, and the parties having agreed upon a settlement of this action, and that to facilitate such settlement a formal judgment shall be entered, it is now hereby stipulated that judgment may be entered upon this stipulation adjudging said mortgage mentioned in the complaint void, and that the defendants Smith are estopped in equity from asserting as against plaintiff the mortgage mentioned in their answer, and that plaintiff is entitled to, and that the treasurer of Cayuga county pay over to him, all of said surplus moneys, and that upon such payment this action be discontinued, and that thereupon a stipulation of discontinuance without costs shall be given by the attorneys for the parties respectively upon which an order in the usual form may be entered, and providing also for a cancellation of the lis pendens on file as aforesaid."

The judgment is somewhat broader than the stipulation. The judgment must be deemed to have been entered on the stipulation and cannot be broader than the stipulation itself. It is therefore evident that nothing was adjudicated between the parties except that the mortgage was void, and that the defendants Smith were estopped in equity from asserting as against the plaintiff, said trustee, the mortgage mentioned, and that the said plaintiff was entitled to the whole of such surplus moneys.

The premises described in the mortgage had in the meantime been sold upon a prior mortgage and the surplus moneys paid into court.

This judgment recites, after stating the object of the action, and referring to the mortgage and describing the premises, as follows:

"And the issues in said action having been tried at an equity term of this court held in and for the county of Cayuga in April, 1909, and the court having decided the issues raised by the answer of the defendants Smith in favor of plaintiff and directed findings and a judgment in plaintiff's favor, * * * adjudged," etc.

Thereafter and on the 2d day of October, 1909, the said Frank S. Smith and Alice J. C. Smith filed their claim for $4,662.40, and interest, basing the same on and attaching thereto the said bond and the notes referred to therein. December 15, 1909, an amended claim was filed under an order of the referee.

The claim is for the same debt or debts mentioned in the said bond the payment of which was secured by the said mortgage which was set aside by the Supreme Court as above stated. The judgment in the Supreme Court does not establish, or purport to establish, the amount actually due and owing the Smiths on the notes and bond referred to. It was not pretended that no sum was due and owing the Smiths; but it was claimed that the consideration mentioned was in part fictitious, and this fact seems to have been established by the judgment were it not for the stipulation.

The application of the trustee to have the claim disallowed and expunged was based in the main on the claim that neither the proof of claim nor the amended proof of claim were filed within one year from the date of the adjudication in bankruptcy, to wit, September 21, 1907,

and that no action or proceeding was taken or commenced either by or against said claimants within one year after said adjudication to liquidate said claim by litigation or the validity of said mortgage; also, that the claim is based upon promissory notes and a personal bond, and same was provable at any time after said adjudication as a secured claim, and that it was not liquidated by litigation, and the litigation referred to in said amended proof was confined to the collateral security; also, that the proof of said claim filed October 2, 1909, was made and filed prior to the rendering of judgment in said action to set aside the mortgage, and the amended proof was filed December 15, 1909, and was made and filed more than 60 days after the rendition of said judgment.

As appears, the judgment was actually entered October 7, 1909, and the original claim shows on its face that it was filed October 2, 1909, 5 days before the judgment was actually entered; and the amended claim shows on its face that it was filed December 15, 1909, more than 60 days after the judgment was actually entered.

Default had been made in one or more of the payments according to the terms of the bond and mortgage before the expiration of the year following the adjudication. The Smiths commenced no action to foreclose and brought no suit upon the bond or notes, nor did they file any claim within the year. Evidently they elected to stand upon their security, the mortgage, and did so. The mortgage, if valid, was adequate security for the full amount of the claim. If no attack was made upon the mortgage, then the Smiths were fully secured and in due time could have foreclosed and realized. No obligation rested upon them to commence a foreclosure within the year, and under the laws of the state of New York they could not have maintained an action to have the mortgage declared or adjudicated valid. The trustee might have commenced an action to set aside the mortgage as fraudulent and void or as a fraudulent preference within the year following the adjudication; but he elected not to do so, and did not.

It does not appear when the court actually made its decision; but it does appear from the stipulation for judgment and settlement of the action upon which the judgment was entered that this stipulation and settlement was made September 27, 1909. The stipulation is dated that day. If this settlement and stipulation had not been made, the defendants Smith could have appealed and protracted the litigation. I do not think that the delay in entering the judgment after the stipulation was made affected the rights of the Smiths to file their claim. The judgment was based on both the decision and the stipulation, as the decision induced the stipulation, and on the 27th day of September, 1909, the rights of the plaintiff, this trustee, to have the mortgage formally set aside and canceled, had fully ripened. It would be too technical in my judgment to hold that the claimants Smith were bound to take notice of the day judgment was actually entered in the clerk's office by the plaintiff. They filed their claim within 60 days after the stipulation was made and the right to enter judgment was perfected. The claim is deemed to have been filed October 2, 1909, although perfected at a later date.

This brings us to the consideration of the main question in the case, the one relied upon by the trustee at the argument, viz.: Could the claimants Smith file their claim on this bond and the notes mentioned therein within 60 days of the termination of that litigation by the stipulation mentioned; the litigation not having been instituted by the trustee until more than one year from the date of adjudication?

If a preferential mortgage is annulled and set aside at the suit of the trustee, the creditor, so preferred, may thereafter prove his claim to secure which the mortgage was given and have it allowed. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 581, 29 Sup. Ct. 159, 53 L. Ed. 332.

In view of these decisions, I do not see why a creditor may not prove his claim and have it allowed in a case where his mortgage is set aside and annulled on the ground that it was executed and delivered with intent to hinder, delay, and defraud creditors. If in such suit the court should adjudge that the bond to secure which the mortgage was given was wholly without consideration, that would be l˙nding and a complete answer to the claim when filed. But such is not this case. We have no adjudication that Clark did not owe Smith the amount of the notes, or some part thereof. The mortgage by stipulation and judgment was declared void as to the plaintiff, this trustee, and he was held entitled to the proceeds of the real estate remaining after the satisfaction of the first mortgage. This may have proceeded on the ground the mortgage was executed, delivered, and accepted as a preference in violation of the bankruptcy act, or on the ground it was made, executed, delivered, and accepted for the purpose of hindering, delaying, and defrauding creditors. It cannot be assumed there was no consideration whatever. We have no such judgment or finding or stipulation.

I find nothing in the bankruptcy act to the effect that, where claims are liquidated by litigation, the suit or litigation must be commenced within one year after the adjudication in order that the claimant may thereafter prove his claim in case the litigation goes against him. Clearly the trustee may institute suit at any time before the statute of limitations has barred his right so to do.

Subdivision "n," of section 57 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3444]), provides that:

"Claims shall not be proved against a bankrupt estate subsequent to one ye.. after the adjudication; or, if they are liquidated by adjudication and the final judgment therein is rendered within thirty days before, or after the expiration of such time, then within sixty days after the rendition of such judgment."

This judgment was rendered after the expiration of one year from the date of adjudication. It is immaterial when the litigation, in which the liquidation as to the validity of the mortgage was had, was commenced. It was commenced; the creditor stood upon the mortgage as valid, as he had the right to do without incurring any penalty or forfeiture, as none is prescribed in the bankruptcy act; and, when defeated and compelled to surrender his security, he had the right to

prove his claim, and, if established, to have it allowed. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 360–373, 25 Sup. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 581, 29 Sup. Ct. 159, 53 L. Ed. 332.

If the creditor with a preference may stand on his security until driven therefrom by a judgment in a litigation, and then prove his claim, it is quite clear that the trustee cannot, in the absence of some express provision of law, deprive him of the right to prove his claim in such event by delaying the bringing of suit. The trustee cannot penalize the creditor by any such action. Suppose the appointment of a trustee is delayed one year and three months after adjudication, and he thereafter successfully attacks a mortgage held by a secured creditor on the ground it was a preference, can or cannot the creditor then prove his claim? Where is the statute saying he cannot? Subdivision "n" of section 57, quoted, as construed by the Supreme Court, says he can; that is, it imposes no time limitation on the commencement of the proceedings wherein the claim is "liquidated by litigation." If the creditor may stand upon his security, until driven therefrom by litigation attacking it, and then prove his claim, as the Supreme Court of the United States says he may, we must find some limitation in the law itself as to when such litigation shall be commenced in order that the creditor may so prove his claim in such event, or there is none. The courts cannot legislate or prescribe a time within which such liquidation by litigation shall be commenced. So long as a secured creditor having ample security stands upon his security, he has no occasion to prove his claim in bankruptcy. It is when he has partial security only that he comes in and proves his claim and shows his security and seeks to have the claim allowed for the balance.

Counsel for the trustee urges that it is apparent from the decision of the Supreme Court of the state of New York—and the opinion constituting the only decision filed is handed up—that the mortgage was tainted by fraud, and that therefore it was absolutely void, and that the claimants cannot have advantage or benefit in any manner growing out of such fraudulent transaction. He cites Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928, Bailey v. Burton, 8 Wend. (N. Y.) 339, and Russell v. Winne, 37 N. Y. 591, 97 Am. Dec. 755. Turning to the opinion or decision referred to, and which was filed December 23, 1909, it appears that the court did not undertake to decide whether or not any portion of the consideration for the bond and mortgage was fictitious. The learned judge said:

"I shall not attempt to decide whether any portion of the alleged consideration was fictitious or not. It is enough to set aside the instrument so far as the trustee in bankruptcy is concerned that it was given and accepted when the mortgagor was insolvent with the intention of creating an unlawful preference, and that the mortgagees were aware of the insolvency and shared in that purpose, and that it was withheld from the record until within four months of the filing of the petition for the purpose of deluding and defrauding creditors into a continuation of their business dealings with the mortgagor, Orlando S. Clark, and his partner, Herbert R. Clark."

This was the ground of the decision of the court. In short, it was a preference in fraud of the bankruptcy act, as all preferences are.

It was voidable at the election of the trustee, who could act on his own motion in execution of his duty, or who could be set in motion by any creditor on application to the court.

Section 57g provides:

"The claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

This section has been so fully considered by the Supreme Court in Keppel v. Tiffin Savings Bank, supra, that nothing important can be added. Reading the sections therein referred to with section 57g, and we find that this case is within the provisions and cases referred to.

Section 57g does not refer to preferences alone, but to conveyances, transfers, assignments, and incumbrances also, and the claims of creditors to whom voidable preferences and voidable conveyances and transfers have been given are not to be allowed unless such preferences, conveyances, transfers, etc., are surrendered. The decisions of the Supreme Court referred to apply to the whole of section 57g, and not to the language referring to preferences alone. Preferences are voidable by the trustee at his suit when the person receiving it or to be benefited thereby, or his agent acting therein, had reasonable cause to believe that it was intended thereby to give a preference. If he had no such "reasonable cause to believe," it is not voidable. I am unable to comprehend the receipt of a voidable preference in good faith or the holding onto a voidable preference in good faith. If a person receives a preferential payment or security, and has the "reasonable cause to believe that it was intended thereby to give a preference," he certainly acts in violation of the law, which he is presumed to know, and there is an utter absence of good faith. It is true, of course, that some court may hold he had the "reasonable cause to believe" when he did not, and the creditor has the right to stand on what he asserts and claims the truth to be; but, when the decision is adverse, then the law presumes he was wrong, and that he did not act in good faith in accepting the preference. If the court finds that the creditor acted in good faith in receiving the preference, then it must find that he did not have reasonable cause to believe that it was intended thereby to give a preference, and, in the absence of such reasonable cause to believe, etc., the preference cannot be recovered. Here the Smiths claimed that no preference was intended, etc., and they had the right to contest the question. The court found against them, as it did in the cases cited. There is no difference in principle. Referring to section 57g, the Supreme Court, in Keppel v. Tiffin Savings Bank, supra, said (197 U. S. 361, 25 Sup. Ct. 445 [49 L. Ed. 790]):

"We think it clear that the fundamental purpose of the provision in question was to secure an equality of distribution of the assets of a bankrupt estate. * * * Equality of distribution being the purpose intended to be effected by the provision, to interpret it as forbidding a creditor from proving his claim after a surrender of his preference, because such surrender was not

voluntary, would frustrate the object of the provision, since it would give the bankrupt estate the benefit of the surrender or cancellation of the preference, and yet deprive the creditor of any right to participate, thus creating an inequality."

And, again, at page 363 of 197 U. S., at page 446 of 25 Sup. Ct. (49 L. Ed. 790), the court says:

"We are of opinion that, originally considered, the surrender clause of the statute was intended simply to prevent a creditor from creating inequality in the distribution of the assets of the estate by retaining a preference and at the same time collecting dividends from the estate by the proof of his claim against it, and consequently that whenever the preference has been abandoned or yielded up, and thereby the danger of inequality has been prevented, such creditor is entitled to stand on an equal footing with other creditors and prove his claims."

And at page 362 of 197 U. S., at page 445 of 25 Sup. Ct. (49 L. Ed. 790), the court says:

"The word 'surrender,' however, does not exclude compelled action, but, to the contrary, generally implies such action."

It is settled that:

"A penalty is not to be readily implied, and, on the contrary, that a person or corporation is not to be subjected to a penalty unless the words of the statute plainly impose it." Tiffany v. National Bank, 18 Wall. 409, 410, 21 L. Ed. 862, cited and approved, Keppel v. Tiffin Savings Bank, 197 U. S. 362, 25 Sup. Ct. 445, 49 L. Ed. 790.

The claimants Smith presented their claim, having been compelled to surrender their preference or mortgage, after such compulsion had been imposed by the decision of the court and were entitled so to do and to have it allowed at such sum as was due and owing on the notes, as there is no penalty or forfeiture imposed by the act in such a case.

The order of the referee disallowing and expunging the claim is reversed; but the trustee may within 10 days interpose an answer denying or bringing in question the validity of the notes and the amount due and owing thereon in case he is so advised. If no answer is interposed, there will be an order allowing the claim.