In re HAVENS et al.

In re VACHERON.

(District Court, E. D. New York. August 18, 1910.)

1. BANKRUPTCY (§ 327*)—ACTION AGAINST TRUSTEE—EFFECT OF JUDGMENT.

The voluntary litigation against the trustee of a claim against a bankrupt estate, resulting in a judgment against the trustee, does not create a new lien or a preferred debt, which can be enforced against the estate; but its only effect is to liquidate the claim, and the judgment must be proved as provided in Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 327.*]

2. BANKRUPTCY (§ 319*)—PROVABLE CLAIMS—LIQUIDATION OF DEBT AFTER EXPIRATION OF YEAR FOR FILING CLAIMS.

Where the trustee of a bankrupt, 18 months after the adjudication, brought an action in a state court against a supposed debtor of the estate, but was defeated, and the defendant recovered a judgment on a counterclaim against the bankrupt, the trustee is liable for the costs of the action; but the creditor, having filed no claim within the time allowed, cannot prove the judgment against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 319.*]

In the matter of Edwin B. Havens and Charles S. Havens, bankrupts. On petition of one Vacheron. Petition allowed in part.

Arthur H. Cameron, for petitioner.
R. M. Cahoone and C. S. Cooke, for trustee.

CHATFIELD, District Judge. The petitioner was made defendant in an action in the Municipal Court of the city of New York for an indebtedness alleged to be due the bankrupt estate upon a claim of said bankrupts amounting to $112.95. He interposed his answer and also set up a counterclaim for $187.05. Upon a trial of the action, judgment was rendered on the counterclaim in favor of the defendant, the petitioner herein, for a total of $241.62, while the claim on the part of the trustee was dismissed.

The bankrupts were adjudicated upon the 2d day of July, 1908, and the Municipal Court action was not instituted until the 18th day of January, 1910, so that the time of the petitioner to file a claim in bankruptcy expired before this action was brought. The result of the litigation in the Municipal Court has established a claim now liquidated against the bankrupts on a cause of action accruing before bankruptcy, and hence one that could have been proved against the bankrupt estate

as soon as liquidated, under the provisions of sections 63a(5) and 63b (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The bankrupts applied for a discharge on the 1st day of July, 1909, which has not been passed upon, but whether this particular claim would be affected by a discharge depends upon whether it is a dischargeable debt under the provisions of section 17; and, if the bankrupts should not be relieved of this debt by the discharge if granted, the judgment will still be a claim against them.

So far as the trustee is concerned, he is responsible for the costs of the action in the Municipal Court. The estate has lost the cause of action which it supposed it had against the petitioner and against which, if it had been successful, the petitioner might have set off the claim allowed him in that action as a counterclaim. Within the statutory period of one year (or within the extension thereof when litigation ensues provided for in section 57n of the bankruptcy statute) the petitioner could have proven his claim, if he had notice of the proceedings. But this time has expired, and, so far as this motion is concerned, it had expired at any time when the petitioner first had actual notice of anything. It is too late, therefore, to prove the claim against the estate. The creditor has successfully resisted the attempt of the trustee to collect from him. If he owed any money to the estate, he would be entitled to set off (under section 68 of the statute) to the amount of the claim against him; but, inasmuch as it has been adjudicated that he owes nothing, he can only elect, if within the time for so doing, to file a general claim against the estate for his now liquidated judgment; or, if the time has expired, to hold the claim against the bankrupts, unless they can successfully plead a discharge. If the petitioner had not been successful in defending the trustee's claim, but had also recovered on his counterclaim, then he would have been entitled to set off his recovery to the amount of the claim of the estate and to prove a general claim for the balance if within the period for so doing; but, inasmuch as he has prevailed not only on his own claim, but also in entirely defeating the claim of the estate, he is entitled only to recover his taxable costs of the litigation; to be relieved of any claim on behalf of the estate, and to be left in possession of a judgment or liquidated claim as to which he stands in the same situation as if he had all the time held an undisputed claim therefor against the bankrupts and their estate.

The petitioner's application will be granted to the extent of ordering the trustee to pay him his taxable costs in the action at law. As to the balance, he apparently must look to the bankrupts for collection.