FIRST NAT. BANK OF ATLANTA, TEX., v. CAMERON.

(Circuit Court of Appeals, Fifth Circuit. December 1, 1913.)

No. 2,478.

BANKRUPTCY (§ 328*)—TIME FOR ALLOWING CLAIMS—CLAIMS LIQUIDATED BY LITIGATION.

An agreement between a trustee in bankruptcy and a secured creditor as to the value of the latter's security, made pending a suit in a state court to which both were parties and in which that question was involved, is a liquidation by litigation of the amount of the claim unsecured, within the meaning of Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), which entitles the creditor to prove such claim within 60 days, although the year for proving claims has expired.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

Appeal from the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

From an order disallowing its claim in bankruptcy proceedings, the First National Bank of Atlanta, Tex., appeals. Reversed.

Will Steel, of Texarkana, Ark., for appellant.

Before PARDEE and SHELBY, Circuit Judges, and CALL, District Judge.

PER CURIAM. It appears that the appellant, a secured creditor, and the appellee, trustee in bankruptcy, pending a litigation in the state courts in which both were parties and in which the value of the creditor's security was involved, agreed together as to the value of the creditor's security, and thereafter the bankruptcy court approved such agreement and directed the carrying out of the same.

It seems to us that this was a liquidation by litigation, within the purview of section 57n of the Bankruptcy Law, and that, although more than one year had elapsed from the adjudication in bankruptcy, the appellant had the right to prove within 60 days from such litigation the amount of his unsecured claim. See Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43; Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332.

The decree appealed from is reversed, and the cause is remanded, with instructions to allow the appellant to prove as presented his unsecured debt.