## In re ·GUTCHESS.

### Petition of ROBERTS et al.

District Court, N. D. New York. February 1, 1929.

W. Frederick R. Davis, of Auburn, N. Y., for petitioners.

Frederick A. Parker, of Auburn, N. Y., for trustee.

COOPER, District Judge. George V. Roberts, Jr., and Jesse D. Roberts, alleged creditors in the sum of $10,408.42, petition to review the order of the referee in bankruptcy disallowing their claim.

The bankrupt was adjudicated such on the 3rd day of February, 1928. The 6 months' period for filing claim expired on August 3, 1928. The final meeting of creditors was held on December 28, 1928. The petitioners attempted to file their proof of claim on January 8, 1929, but it was rejected because not filed within the 6 months' period. No distribution of the estate has been made.

If the petitioners' claim was a liquidated one at the time of adjudication, it should have been disallowed, because not proved within 6 months after adjudication as required by Bankruptcy Act, § 57n, as amended (11 USCA § 93(n), the provisions of which for later proof of claims relate only to claims unliquidated at adjudication, which are later liquidated as a result of litigation.

But petitioner's claim is a secured claim and therefore unliquidated under the Bankruptcy Law. In re Southern Pharmaceutical Co. (D. C.) 286 F. 148. Most of the claim arises from a bond accompanying a purchase-money mortgage given by the bankrupt to the petitioners covering certain real estate conveyed by petitioners to the bankrupt. The petitioners' mortgage was subordinate to a first mortgage covering the same premises given by petitioners to a Federal Land Bank. The bankrupt assumed and agreed to pay the first mortgage when he took title to the real property covered by the two mortgages.

Proceedings to foreclose the first mortgage were begun in September, 1928. Judgment of foreclosure and sale was granted on October 16, 1928. The sale took place on December 29, 1928. Upon the sale, the property sold for less than the amount of the first mortgage, leaving a deficiency of $2,708.42. The sale for less than the amount of the first mortgage made the second mortgage of the petitioners worthless —that is, destroyed their security—leaving them unsecured creditors for the full amount of the second mortgage debt and interest.

The petitioners were also in the position of sureties or guarantors for the bankrupt's obligation to pay the first mortgage debt, which he assumed when he took title to the real property. The bankrupt thereby became primarily liable for the first mortgage

debt, and the petitioners secondarily liable. The measure of the petitioners' liability to pay the bankrupt's debt could not be determined until the sale of the property under foreclosure of the first mortgage and confirmation of the sale by the court which granted the judgment of foreclosure.

■ The order or judgment confirming the sale was the final judgment, within the meaning of section 57n of the Bankruptcy Law, as to both mortgages. The date of this is not given, but it must have been some time between December 28, 1928, the date of sale, and January 8, 1929, the day the petitioners presented their proof of claim. Petitioners' claims were unliquidated until the final order or judgment of confirmation of the foreclosure sale. Petitioners evidently took an assignment of the deficiency judgment arising upon the confirmation of the sale under the foreclosure of the first mortgage, and filed proof of claim for the amount of this judgment plus the amount of the second mortgage debt, within a very few days of the confirmation of the sale.

The referee's rejection of their claim, because not filed within the 6 months after the adjudication, was error. An unliquidated claim is not barred by the 6 months' limitation. Such claim comes within the exception stated in section 57n: ''Or if they (the claims) are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment. * * * ''

■ Though section 57n at a casual reading seems to mean that final judgment must be recovered within 30 days before or within 30 days after the expiration of the 6 months' period, the correct construction of the section is that the 30-day limitation applies only to the period before the expiration of the 6 months' period, and that there is no 30-day or other limitation within which final judgment may be recovered after the expiration of the 6 months' period in order to give to the judgment creditor the additional 60 days provided for in section 57n.

The creditor has an absolute right to file his claim and have it allowed within 60 days after final judgment in the litigation necessary to determine the amount due him above the value of the security regardless of when, after the 6 months' period, the final judgment may be rendered. This provision is so construed in the well-considered opinion of Judge Sanford, then District Judge, now Justice of the United States Supreme Court, in the case of In re Southern Pharmaceutical Co. (D. C.) 286 F. 148, supra. The statutory period for proving claims was then one year, but has since been reduced to 6 months. See, also, Powell v. Leavitt (C. C. A.) 150 F. 91; Keppel v. Tiffin Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 S. Ct. 159, 53 L. Ed. 332.

In a proper case the distribution of the estate may be stayed to await the outcome of such litigation. The date of the maturity of these mortgage debts, the fact that the petitioning creditor's attorney attended meetings of creditors, and through lack of information, if such be the fact, did not know that the period for filing proof of claims had been reduced from one year to six months, are all immaterial.

The order of the referee is reversed, and the petitioners may prove their claim before the referee and be permitted to share with the other creditors in the distribution of the bankrupt's estate.