## CARROLL ELECTRIC CO., Inc., v. SNELLING.

### No. 2719.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1932.

Joseph G. Crane, of Boston, Mass. (Sherburne, Powers & Needham, of Boston, Mass., on the brief), for appellant.

Henry B. Cabot Jr., of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from an order of the District Court affirming a decision of the referee disallowing a proof of claim of the appellant against the bankrupt Socold Refrigerating Company.

The Socold Refrigerating Company was adjudicated bankrupt in November, 1927. Some ten months later, in September, 1928, the trustee brought a suit in the Supreme Court of the District of Columbia against the appellant to recover for goods sold to the appellant by the bankrupt. In December, 1928, the appellant counterclaimed for breach of warranty in respect to the goods sold. In June, 1931, a verdict for $2,413.47 was returned for the appellant on its counterclaim. On this verdict judgment was entered on October 24, 1931; but on the appellee's noted appeal, various extensions were allowed for perfecting the appeal, the last of which expired on January 4, 1932, when the judgment became final. The appellant filed its proof of claim on this judgment on January 16, 1932.

On the trustee's objection, the referee disallowed the claim, and said:

"I have considered with some care the trustee's objection to the claim of the Carroll Electric Company, presented by your firm against the bankrupt estate of the Socold Refrigerating Corporation. I believe the objection is sound. It is reasonable to permit a creditor, whose claim is unliquidated, every opportunity to litigate and prove, but I believe his litigation, or other steps towards liquidation, should be instituted within the six months' period which is imposed upon other creditors."

This order was affirmed by the court below (Lowell, J.) without opinion.

The following provisions of the Bankruptcy Act are cited as bearing upon the question. Section 57n (11 USCA § 93 (n) reads as follows:

"Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, That the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

Section 63b (11 USCA § 103 (b) provides:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

■ Dealing first with the appellee's minor contentions:

(1) He urges that an unliquidated claim for breach of warranty must be liquidated under section 63b, after application to, and according to, directions of the referee. But we hold, as Judge Sanford (afterwards Mr. Justice Sanford), held in the case of In re Southern Pharmaceutical Co. (D. C.) 286 F. 148, that section 63b is permissive and not mandatory. We think this contention of the appellee is without merit.

■ (2) The appellee further contends that, on the facts supra, this judgment was entered on October 24, 1931, and as the proof of claim was not presented until January 16, 1932, that therefore it was not brought within the sixty-day provision in section 57n. This contention is also without merit.

In Allen v. Reed, 60 App. D. C. 346, 54 F.(2d) 713, 714, decided by the Court of Appeals for the District of Columbia on December 7, 1931, that court said: "A judgment appealed from is not a final judgment. It is merely an adjudication of the inferior court, the finality of which depends upon the action of the superior court." The proof of claim was seasonably presented.

We think that the words "within sixty days after the rendition of such judgment" must be construed as meaning final judgment, and this judgment was not final until January 4, 1932.

■ (3) This brings us to the main question —whether the decision below, that the claim should be disallowed because the liquidating litigation was not brought within six months after the adjudication—was correct.

Both counsel agree that the only carefully considered decision on this crucial question is the case of In re Clark (D. C.) 176 F. 955, a decision by Judge Ray in 1910. In the Clark Case the adjudication was on September 21, 1907. For some unstated reason, the trustee was not qualified until June 8, 1908. On October 28, 1908, over thirteen months after the adjudication, the trustee brought in a state court a suit to invalidate a mortgage held as security for the Clark claim of $4,-662.40. The suit resulted in a holding for the plaintiff, and thus a former secured creditor was left unsecured. The claim was filed within sixty days after judgment in the suit. It was disallowed by the referee; his decision was reversed by the court. The court said (page 960 of 176 F.):

"I find nothing in the bankruptcy act to the effect that, where claims are liquidated by litigation, the suit or litigation must be commenced within one year after the adjudication in order that the claimant may thereafter prove his claim in case the litigation goes against him. Clearly the trustee may institute suit at any time before the statute of limitations has barred his right so to do."

The court then quoted the statute, section 57n, which then in the first sentence read "one year" instead of "six months," and proceeded:

"This judgment was rendered after the expiration of one year from the date of adjudication. It is immaterial when the litigation, in which the liquidation as to the validity of the mortgage was had, was commenced. It was commenced; the creditor stood upon the mortgage as valid, as he had the right to do without incurring any penalty or forfeiture, as none is prescribed in the bankruptcy act; and, when defeated and compelled to surrender his security, he had the right to prove his claim, and, if established, to have it allowed. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 360–373, 25 S. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 581, 29 S. Ct. 159, 53 L. Ed. 332.

"If the creditor with a preference may stand on his security until driven therefrom by a judgment in a litigation, and then prove his claim, it is quite clear that the trustee cannot, in the absence of some express provision of law, deprive him of the right to prove his claim in such event by delaying the bringing of suit. The trustee cannot penalize the creditor by any such action. Suppose the appointment of a trustee is delayed one year and three months after adjudication, and he thereafter successfully attacks a mortgage held by a secured creditor on the ground it was a preference, can or cannot the creditor then prove his claim? Where is the statute saying he cannot? Subdivision 'n' of section 57, quoted, as construed by the Supreme Court, says he can; that is, it imposes no time limitation on the commencement of the proceedings wherein the claim is 'liquidated by litigation.' If the creditor may stand upon his security, until driven therefrom by litigation attacking it, and then prove his claim, as the Supreme Court of the United States says he may, we must find some limitation in the law itself as to when such litigation shall be commenced in order that the creditor may so prove his claim in such event, or there is none. The courts cannot legislate or prescribe a time within which such liquidation by litigation shall be commenced. So long as a secured creditor having ample se-

curity stands upon his security, he has no occasion to prove his claim in bankruptcy. It is when he has partial security only that he comes in and proves his claim and shows his security and seeks to have the claim allowed for the balance."

 This case is, on this point, on all fours with the case before us. This decision was made twenty-two years ago. The Bankruptcy Act has been several times substantially amended, the last time in 1926. As already noted, section 57n was then amended by halving the period of one year for ordinary creditors. But Congress did not see fit to amend the balance of this section, so as to prevent the proof of claims unless the liquidating litigation was begun within six months. This court would not be warranted in assuming that the learned lawyers in Congress, active in the genesis of the amendments adopted, were ignorant of this well-reasoned opinion. In 2 Remington Bankruptcy (3d Ed. [1923]) § 878, the opinion is regarded by this leading writer on bankruptcy as of sufficient importance to warrant nearly two pages of quotation therefrom. Under such circumstances, this considered opinion of an experienced and distinguished judge may fairly be regarded as adopted by the lawmaking body. We think that this construction was not only adopted by Congress, but embodies the soundest available rule for dealing with unliquidated claims.

Our attention has been directed to no contrary opinion or to any substantial criticism of Judge Ray's views.

The same construction was given by District Judge Cooper in the Northern District of New York February 1, 1929, in the case of In re Gutchess (D. C.) 31 F.(2d) 609, 610. In that case, the six-month provision expired on August 3, 1928. The petitioners' claim was filed on January 8, 1929, and rejected by the referee because not filed within the six-month period. But the court held that (because of facts not now material) their claim was an unliquidated claim until within a few days before offered for allowance, and said:

"An unliquidated claim is not barred by the 6 months' limitation. Such claim comes within the exception stated in section 57n: 'Or if they (the claims) are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment.'"

 The term "liquidating litigation" must be given a fairly broad meaning.

See 2 Remington (3d Ed.) §§ 849–880, inclusive. It covers not only litigation over voidable preferences, but proceedings under section 57h of the act (11 USCA § 93 (h):

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

It not infrequently happens that liquidation of securities under this provision results in a deficiency claim, which the creditor is entitled to prove against the general bankruptcy estate. Moreover, as to all kinds of liquidation proceedings, the trustee has, in general, the initiative. If the trustee successfully attacks a mortgage as a voidable preference, by suit brought after six months, he would, under the holding made below, prevent the creditor from sharing at all in the bankruptcy estate. This certainly would not conduce to that equality of treatment which is one of outstanding features of the policy of the act. More frequently it would conduce to inequality.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.