## In re PERFECT SHOE MFG. CO., Inc.
### No. 305.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Newman & Bisco, of New York City (William J. Granger and Leonard G. Bisco, both of New York City, of counsel), for appellant.

David Haar, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Adjudication of bankruptcy was entered on April 26, 1927. At that time the bankrupt was indebted to the State Bank, which subsequently merged with Manufacturers' Trust Company, the appellant. We shall hereafter refer to either bank by the term "creditor," as discrimination between them is unnecessary on this appeal. In April, 1928, the creditor filed a proof of claim which was expunged as filed too late under section 57n of the Bankruptcy Act (11 USCA § 93 (n). That claim was for $31,481.75, composed of two items, (1) A balance of $3,010.92 upon sixteen secured notes after collecting $52,077.74 on the accounts assigned as security, and (2) a claim for $28,470.83 on nine unsecured notes; and the proof of claim contained the usual allegation that the creditor held no security whatever for said debt. Thereafter the trustee in bankruptcy instituted suit to set aside the transfer of the assigned accounts and recover the proceeds thereof collected by the creditor. See Lee v. State Bank, 38 F.(2d) 45 (C. C. A. 2) and Id., 54 F.(2d) 518 (C. C. A. 2). After protracted litigation, a decree was entered fixing the amount which the creditor was required to return to the trustee at $18,600.06, plus interest thereon, making a total of $23,600. Thereupon, on May 14, 1932, the appellant filed the proof of claim now before us. This claim was for $55,081.75. It alleged that the bankrupt's original indebtedness was $83,559.49, against which the creditor had collected $52,077.74 and later was required to return $23,600, leaving the balance claimed $55,081.75. The creditor contends that its claim was liquidated by litigation at this sum, and therefore its proof of claim was timely filed pursuant to section 57n (11 USCA § 93 (n).

In its first proof of claim, the creditor alleged that only sixteen of its notes, aggregating $55,088.66, were secured by assigned accounts. It now takes the inconsistent position that all its notes were so secured because the notes expressly secured recite that the assigned accounts have been transferred "as collateral security for the repayment of this or any other liability or liabilities of the undersigned to said Bank, now due or to become due, or that may hereafter be contracted." Whether a creditor who has made proof of claim for a debt as unsecured and has suffered an order of disallowance and taken no appeal therefrom is thereby estopped to assert thereafter that he did hold security for the debt, we do not find it necessary to determine. For present purposes we shall assume that he is not so estopped, and that all the appellant's notes were originally secured by the assigned accounts. As a secured creditor, it had a provable claim which was allowable, subject to section 57g, for the excess of its debt over the value of its securities. 11 USCA § 93, pars. a, e, and g. It argues that the amount of such excess was liquidated by the litigation concerning the assigned accounts, and hence its claim was provable within sixty days after the termination thereof, pursuant to section 57n (11 USCA § 93 (n). This premise cannot be sustained. Prior to April, 1928, when the first proof of claim was filed, the creditor had realized upon its securities. It had collected the assigned accounts, applied the proceeds toward payment of its notes, and thereby determined the excess of its debt above the value of its securities at the sum of $31,481.75, as alleged in its first proof of claim. The assigned accounts no longer stood as security for the excess so determined. That excess was barred from proof because the proof of claim was filed too late, but the delay in filing it was not occasioned by litigation with the trustee. The trustee's suit was started later; it attacked only the security already realized and applied in payment of specific notes. To the extent that the judgment vitiated payment, namely, $18,600.06, it may be assumed to have liquidated a provable claim. See Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 S. Ct. 159, 53 L. Ed. 332. But how it can be said to have done so in any greater sum, we fail to see.

Order affirmed.