**224**

## In re F. & W. GRAND PROPERTIES COR-
### PORATION.

## MANUFACTURERS' TRUST CO. v. PUT-
### NAM.
### No. 134.

Circuit Court of Appeals, Second Circuit.
Dec. 17, 1934.

Kellogg, Emery & Inness-Brown, of New York City (Murray MacElhinny, of New York City, of counsel), for petitioner-appellant.

Platt & Walker, of New York City (Roswell P. C. May and Collier Platt, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The bankrupt is indebted to the appellant, Manufacturers' Trust Company, in the sum of $30,000 secured by a mortgage upon real estate of the bankrupt. Adjudication occurred February 27, 1933; hence the statutory period for presenting claims expired August 27, 1933. 11 USCA § 93 (n). For nearly eleven months after the adjudication the mortgagee was content to stand upon its security, supposing it to be ample, but in January, 1934, it learned that the security was worth less than the debt and thereupon petitioned for leave to have the security valued and to file proof of claim for the excess indebtedness. The petition was denied because presented too late.

██ A secured creditor may stand on his security and make no proof of claim, or he may have the security valued pursuant to section 57h of the Bankruptcy Act (11 USCA § 93 (h) and make proof for the deficiency. Until the security is valued and the deficiency determined, the claim must be considered unliquidated. In re Sampter, 170 F. 938, 939 (C. C. A. 2); First Nat. Bank v. Cameron, 209 F. 611 (C. C. A. 5); In re Southern Pharmaceutical Co., 286 F. 148, 151 (D. C. E. D. Tenn.). The appellant takes the position that, although a creditor having a liquidated claim must make proof of it within six months after the adjudication (11 USCA § 93 (n), that period of limitation is not applicable to unliquidated claims, which may be at any time liquidated and thereafter proved and allowed against the estate. This is directly contrary to the purpose of section 57n as amended May 27, 1926 (11 USCA § 93 (n) and to the theory of prompt administration implicit throughout the act. See Remington, Bankruptcy (3d Ed.) § 866. Section 57n reads as follows:

"Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment. * * * *"

While this does not expressly declare that the liquidating litigation must be started within the six months following adjudication, so much is implied by the phrase "and the final judgment therein is rendered within thirty days before" the expiration of such time. The implication is not so plain in the other alternative, "or after the expiration of such time." Nevertheless, there, too, it is a permissible implication within the language used, and the underlying policy of expedition in administration favors a construction requiring holders of unliquidated, no less than liquidated, claims to do something within the six months' period to apprise the trustee in bankruptcy of the substance of their claims.

This does not mean that proof of claim must necessarily be presented in the form provided in section 57a (11 USCA § 93 (a). There is no requirement that a claim be filed in the bankruptcy court; it will suffice to file it with the trustee (J. B. Orcutt Co. v. Green, 204 U. S. 96, 27 S. Ct. 195, 51 L. Ed. 390), and the liberality with which informalities are allowed to be cured by amendment are too well known to require the citation of authorities. If the creditor begins liquidating litigation, or seeks in some way to have his security valued, within the six months' period, this may be regarded as an equivalent of presenting a proof of claim within the time specified by section 57n. See Buckingham v. Estes, 128 F. 584 (C. C. A. 6); In re Faulkner, 161 F. 900 (C. C. A. 8); In re Southern Pharmaceutical Co., 286 F. 148 (D. C. E. D. Tenn.). Appellant, however, did nothing until eleven months after the adjudication. Hence its petition to have the security valued and to file proof of claim for the excess indebtedness came too late.

The weight of authority supports this construction of the act. A case closely in point is In re Thompson, 227 F. 981 (C. C. A. 3). There a creditor who had realized on his security was not allowed to prove the balance of his debt after the expiration of the nonclaim period. In re Silk, 55 F.(2d) 917 (C. C. A. 2), is a similar decision by our own court, where the creditor offered to return his security and prove the whole debt after the six months' period. See, also, In re Perfect Shoe Mfg. Co., 64 F.(2d) 119 (C. C. A. 2); In re Havens, 182 F. 367 (D. C. S. D. N. Y.). Two cases cited by the appellant are opposed to this view. In re Gutchess, 31 F.(2d) 609 (D. C. N. D. N. Y.) and Carroll Elec. Co. v. Snelling, 62 F.(2d) 413 (C. C. A. 1). We do not agree with them. In the Snelling Case, the trustee in bankruptcy sued Carroll Electric Company after the nonclaim period to recover the price of goods sold by the bankrupt, and a counterclaim was filed for breach of warranty in respect to the goods sold. Upon the counterclaim a judgment was recovered and allowed to be proved as a claim against the estate. The case upon which the opinion was rested, In re Clark, 176 F. 955 (D. C. N. D. N. Y.), does not bear it out; and the result is directly contrary to In re Havens, 182 F. 367 (D. C. E. D. N. Y.). Two other cases relied upon by the appellant are consistent with our view because there the creditor began his liquidating litigation within the time provided for proving claims. In re Southern Pharmaceutical Co., 286 F. 148

(D. C. E. D. Tenn.); First Nat. Bank v. Cameron, 209 F. 611 (C. C. A. 5).

To support its argument the appellant also relies upon a group of cases in which the creditor has been permitted to make proof after the nonclaim period, when the trustee has set aside as a preference or fraudulent conveyance some security upon which the creditor had relied in withholding proof of his claim. Among the many cases of this sort it will suffice to cite Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 S. Ct. 159, 53 L. Ed. 332; In re Perfect Shoe Mfg. Co., 64 F.(2d) 119 (C. C. A. 2); Larson v. First State Bank, 21 F.(2d) 936 (C. C. A. 8); In re Clark, 176 F. 955 (D. C. N. D. N. Y.). Certainly the creditor is not obliged to prove a claim on the mere assumption that the property he holds as security, or received in payment, may be taken from him should the trustee thereafter elect to attack it. If the trustee succeeds, it should be time enough for the creditor then to prove for the amount he has lost in this way. This group of cases we regard as a special class, constituting a court made exception to the nonclaim provisions of section 57n. Whether the theory upon which the creditor is accorded this right rests upon estoppel, as suggested in Larson v. First State Bank, supra, or on some other ground, need not be here determined. In any event we do not regard this group of cases as standing for a principle so broad as to permit proof of claim where the liquidating litigation is begun by the creditor, not by the trustee, after expiration of the nonclaim period. Dicta to the contrary in Re Clark, 176 F. 955 (D. C. N. D. N. Y.), and in Carroll Elec. Co. v. Snelling, 62 F.(2d) 413 (C. C. A. 1), we cannot approve.

Nor is the appellant's argument aided by section 63b (11 USCA § 103 (b), which provides that unliquidated claims may be liquidated as the court shall direct "and may thereafter be proved and allowed against the estate." Its purpose was to permit an unliquidated claim, coming within the provisions of section 63a (11 USCA § 103 (a), to be liquidated as the court shall direct. Dunbar v. Dunbar, 190 U. S. 340, 350, 23 S. Ct. 757, 47 L. Ed. 1084; In re New York Tunnel Co., 159 F. 688, 690 (C. C. A. 2). The section must be read so as to harmonize with other provisions of the act. Consequently it cannot be interpreted, as the appellant would have it, to give an unlimited time for making proof of unliquidated claims, but must be construed as though it read "and may thereafter

consistently with the provisions of section 57n, be proved and allowed."

For the foregoing reasons the appellant's application to liquidate its claim first presented after the nonclaim period had expired was properly held to be too late.

The order is affirmed.