### In re A. D. DRUMM, JR., Inc.
No. 491.

District Court, D. Nevada.

Sept. 25, 1939.

Walter Rowson, of Reno, Nev., for Trustee in Bankruptcy.

N. J. Barry, of Reno, Nev., for claimant, receiver of Reno Nat. Bank.

NORCROSS, District Judge.

The petition to review an order of the Referee rejecting the claim of the Receiver of the Reno National Bank upon the ground: "That claims shall not be proved against a bankrupt estate subsequent to six months after adjudication," presents the question whether such claim was filed in time.

The controlling facts of the case may be stated as follows: A creditors petition in the bankruptcy proceeding was filed January 31, 1933. Thereafter, on May 25, 1933, the corporation was adjudicated to be a bankrupt. Prior to the adjudication in bankruptcy, on March 13, 1933, a suit was instituted in this Court by the Receiver of the Reno National Bank against the said corporation as defendant praying for a decree of foreclosure of a mortgage given by the defendant corporation to secure the payment of a promissory note in the principal amount of $50,000. There was also filed in the foreclosure suit a petition for the appointment of a receiver of the mortgaged property and a receiver was appointed who took possession of the said property. Thereafter, on July 10, 1933, the Trustee in the bankruptcy proceeding filed objections to a report and account of the Receiver in the foreclosure suit. Thereafter, an order of Court was entered turning over all property of the bankrupt corporation held by the Receiver in the foreclosure suit, and not theretofore disposed of by him, to the trustee in the bankruptcy proceeding and staying all proceedings in the foreclosure suit, and such order was made August 1, 1933. Thereafter, the said Trustee proceeded to the liquidation of the assets covered by the said mortgage. From time to time, as the assets were liquidated by the Trustee, the proceeds were turned over to the Receiver. Other proceedings are referred to in the opinion of the Circuit Court of Appeals in the case of Hill v. Douglass, 9 Cir., 78 F.2d 851. In the latter part of the year 1937, the Trustee filed his report and account of his proceedings respecting disposition of the mortgaged property. To this report the Receiver filed objections. The objections so filed were not heard by the Court or Referee but were taken up for adjustment by the Trustee, the Receiver and their respective attorneys. A final agreement was reached and settlement made between the Receiver and Trustee, March 1, 1938, of the amount due the Receiver from the

412

liquidation of the mortgaged assets and on March 12, 1938, the said settlement was approved by the Referee. Following the filing of the said agreement of settlement the Receiver on March 1, 1938, filed with the Referee proof of his claim as such Receiver for the balance claimed to be due upon the said note with accrued interest in the sum of $33,554.69. The claim was subsequently on the same day rejected by the Referee as not having been filed in time and notice given by the Referee to the Receiver that "The time for filing claims in the above matter expired November 25, 1933." On March 12, 1938, on petition therefor, the Trustee in the Bankruptcy proceeding obtained an order from this Court reading: "It is ordered: That Charles L. Hill, Trustee herein, be and he hereby is authorized to make, execute and deliver to W. J. Tobin, Receiver of Reno National Bank, the written consent of said Trustee to the release and acquittance of A. D. Drumm, Jr. and Doris Drumm of and from the aforesaid promissory note and mortgage mentioned and referred to in said Petition, and from the balance of the indebtedness remaining unpaid thereon, without waiver on the part of said Receiver of Reno National Bank of such claim or demand, 'if any, as said Receiver may have against the principal on said promissory note and mortgage, or against said bankrupt estate, as an alleged general creditor thereof."

The provisions of the statute controlling read: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment * * *." Bankr. Act, § 57n, as amended by 44 Stat. 666, § 13, 11 U.S.C.A. § 93, subd. (n).

The authorities dealing with the question of the construction of the statute respecting limitation upon the filing of claims are not uniform. The facts of this case appear to bring it within the provisions of the statute respecting liquidation by litigation. The case of First National Bank v. Cameron, 5 Cir., 209 F. 611, mainly relied upon by counsel for the Receiver, deals with a state of facts similar to those here involved. The case is cited with approval in the more recent case of In re F. & W. Grand Properties Corporation, 2 Cir., 74 F.2d 224, 225. The case last cited considers the question of what constitutes the presentation or filing of a claim within the six months limitation and from the opinion we quote: "If the creditor begins liquidating litigation, or seeks in some way to have his security valued, within the six months' period, this may be regarded as an equivalent of presenting a proof of claim within the time specified by section 57n."

In the instant case suit was already pending in this Court when the adjudication in bankruptcy was entered therein and within three months thereafter the mortgaged property was by order of Court turned over to the Bankruptcy Court for liquidation. Whether regarded as an original or as an amended claim, the same was filed in time. See also In re Hotel St. James Co., 9 Cir., 65 F.2d 82; In re Southern Pharmaceutical Co., D.C., 286 F. 148; In re Gutchess, D.C., 31 F.2d 609.

The order of the Referee rejecting the claim is disapproved and the order set aside with directions to consider the same as duly filed.